# Southern Railway Co. *v.* Crenshaw, Admr. &c.

*Action against Railroad Company by Administrator to recover Damages for Killing of Intestate.*

1. *Railroad company; reciprocal duty with public at crossing; when person on railroad track not trespasser.*—Where a railroad track crosses a street in an incorporated town at a public road, there is a reciprocal duty between the public and the railroad company for being diligent in the avoidance of probable danger—the public having the right to use the whole of the public highway, and the railroad company having the privilege of operating its train over the crossing; and, therefore, a person crossing the railroad track where it intersects the highway is not a trespasser.

2. *Action against railroad company by administrator for negligent killing of intestate; sufficiency of complaint; when not necessary to negative fault on the part of intestate.*—In an action against a railroad company by an administrator to recover damages for the alleged negligent killing of plaintiff's intestate, where it is alleged in the complaint that at the time of sustaining the injuries from which she died, the intestate was crossing the railroad track where it crossed the public highway making a public crossing, it is not necessary for such complaint to negative that the intestate was at fault in the manner in which she conducted herself while on the track in the highway; such fault, if it existed, being defensive matter.

3. *Same; sufficiency of complaint charging wilful and wanton injury.*—In an action against a railroad company by an administrator to recover damages for the killing of his intestate, a count of the complaint is sufficient as charging that the defendant willfully or wantonly caused the intestate's death which avers that the plaintiff's intestate was willfully and wantonly killed at a public crossing within a suburb of an incorporated town where the defendant's track crossed a street or highway which was largely travelled and where the

defendant's employes knew that travelers and the public gen-
erally were accustomed to pass, and that with such knowledge
"defendant, by its agents or servants, with a reckless disre-
gard of the probable consequences of its acts, failed to blow
the whistle or ring the bell of the engine within a quarter of
a mile of said crossing and to continue the blowing of the
whistle or ringing of the bell at short intervals until it had
been reached and passed, and willfully and wantonly or with
reckless indifference as to probable consequences rushed and
drove an engine with cars attached over said crossing at a
reckless rate of speed of thirty-five or forty miles an hour,
and willfully and wantonly struck plaintiff's intestate at and
on said crossing." inflicting the wounds from the effects of
which she died.

4. *Same; same; same.*—In such a case, a count of the complaint,
which, after making similar prefatory averments as to exist-
ing conditions and happenings which preceded the injury, then
alleges that the defendant's employes "did recklessly and
wantonly propel said engine and cars against plaintiff's in-
testate who was in the act of crossing" said public crossing,
inflicting the injuries from which she died, is sufficient as
charging willful and wanton injury on the part of the de-
fendant.

5. *Same; same; same.*—In such a case, counts of the complaint are
sufficient as charging willful or wanton injury to plaintiff's
intestate, which allege that while plaintiff's intestate was at-
tempting to cross defendant's railroad track at a public road
crossing, just outside the corporate limits of a town, she was
struck by a locomotive receiving the wounds from which she
died, and that said injury was inflicted upon the intestate
"through the willful, reckless and wanton acts of defendant's
agents and servants, in this, that the said public road crossing
was one at which great numbers of people were and had for
several years been continuously passing on foot, horseback and
in vehicles and was at a populous locality, all of which was
well known to the defendant and to its agents and servants,
and with such knowledge defendant's agents and servants,
without ringing the bell or blowing the whistle, approached
and crossed said crossing at a highly dangerous rate of speed,
to-wit, forty miles per hour, and with reckless disregard of
the peril" of said intestate "and of such of the community
in general as might be approaching or traversing said cross-
ing, ran said locomotive at such rate of speed upon and

across said intestate while crossing said railroad track at said public road crossing, inflicting the injuries from which she died."

6. *Pleading and practice; rulings on motions to strike must be shown by bill of exceptions.*—Rulings of a trial court upon motions to strike certain pleadings must be shown by bill of exceptions; and when not so presented on appeal, such rulings will not be reviewed.

7. *Action against railroad company for negligent killing on public crossing; sufficiency of replication.*—In an action against a railroad company by an administrator to recover damages for the alleged negligent killing of plaintiff's intestate, where the accident occurred at a public crossing formed by the track of the defendant crossing a public highway, and in certain counts of the complaint the negligence charged was simple negligence in that the agents or servants of the defendant ran the train at a high rate of speed without giving the warnings of approach by blowing the whistle or ringing the bell, and to such counts of the complaint the defendant set up by special pleas the contributory negligence of the plaintiff's intestate in failing to stop and look and listen before going upon the track, replications filed to said special pleas which aver that the enginemen, after seeing the peril of the plaintiff's intestate failed to use all the means known to skillful engineers to stop or check the speed of the train, and that if said means had been used the life of plaintiff's intestate would have been saved, do not charge that the injury complained of was wantonly or intentionally inflicted, and constitute no departure from the negligence complained of in the complaint, and such replications, while unnecessary, are not subject to demurrer upon the ground that they failed to show that such failure to use the means to stop the train occurred after the intestate's peril was discovered, and that such replications were a departure from said counts of the complaint.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellee, A. J. Crenshaw, as the administrator of the estate of Caroline Turner, deceased, against the Southern Railway Company to recover $1,999 as damages for the killing of the plaintiff's intestate by one of the trains of the defendant.

The complaint as amended contained seven counts, but the sixth count was subsequently withdrawn by the plaintiff.

The averments of negligence in the remaining counts of the complaint as amended were as follows: In the first count after averring the operation by the defendant of a railroad on the line of road in and through the incorporated town of Courtland, it was averred that over and across a street in said town the agents and servants of the defendant ran a passenger train "at a high rate of speed without first having given warning of the approach of said locomotive and train of cars by blowing the whistle or ringing the bell thereof as the law requires, and that while crossing said street in said manner said agents or servants negligently and carelessly ran said locomotive upon and against plaintiff's intestate;" inflicting the injuries from the results of which she died.

In the second count of the complaint it was averred that "at a public road crossing near the eastern boundary of the town of Courtland, the agents or servants of the defendant ran the passenger train along its road which was crossed by said public road," and "negligently failed to blow the whistle or ring the bell at least one-fourth of a mile before reaching said crossing and to continue blowing the whistle or ringing the bell at short intervals until it had reached and passed said crossing, and by reason of such negligent failure of defendant's agents and servants to so blow the whistle or ring the bell said locomotive was carelessly run upon and against said Caroline Turner at said public road crossing;" inflicting the injuries from the effects of which plaintiff's said intestate died.

In the third count of the complaint it was averred that the plaintiff's intestate was willfully and wantonly killed "within a suburb of the town of Courtland where a street, road or way much travelled and thronged by the public, crossed defendant's track at or nearly on a

level with the adjacent territory, and where defendant's employes knew that travelers, pedestrians and the public generally were accustomed to pass and repass from one to another part of the town, suburbs and adjacent territory," and it was averred that "the defendant, by its agents and servants, with a reckless disregard of the probable consequences of its acts, failed to blow the whistle or ring the bell within one-fourth of a mile of said crossing, and to continue the blowing of the whistle or ringing of the bell at short intervals until it had been reached and passed, and willfully and wantonly or with a reckless indifference as to probable consequences, rushed and drove an engine with cars attached over said corssing at a reckless rate of speed of 35 or 40 miles an hour, and willfully and wantonly struck plaintiff's intestate, Caroline Turner, at and on said crossing;" inflicting the wounds from the effects of which she died.

In the fourth count of the complaint the plaintiff claimed damages "for the willful and wanton killing of plaintiff's intestate, Caroline Turner, at a public road crossing near the eastern corporate limits and in a suburb of the town of Courtland;" and it was averred in said count that while the plaintiff's intestate was attempting to cross defendant's railroad track at a public road crossing just outside the corporate limits of said town, she was struck by a locomotive, receiving the wounds from which she died, and that "said injury was inflicted upon said Caroline Turner through the willful, reckless and wanton acts of defendant's agents and servants in this, that the said public road crossing was one at which great numbers of people were, and had for several years been, continuously passing on foot, horseback and in vehicles, and was at a populous locality, all of which was well known to defendant and to its agents and servants; and with such knowledge defendant's agents and servants, without ringing the bell or blowing the whistle, approached and crossed said crossing at a highly dangerous rate of speed, to-wit, about forty miles

40c

per hour, and with a reckless disregard of the peril of said Caroline Turner, and of such of the community in general as might be approaching or traversing said crossing, ran said locomotive at such rate of speed upon and against said Caroline Turner while crossing said railroad track at said public road crossing, inflicting upon her wounds from which she then and there died."

In the fifth count of the complaint, the place of the killing was alleged as in the fourth count of the complaint, and it was then alleged that while the plaintiff's intestate was attempting to cross defendant's railroad track at a public road crossing, just outside of the corporate limits of said town, she was struck by a locomotive receiving the wounds from which she died, and that said injury was inflicted upon said Caroline Turner "through the willful, reckless and wanton acts of defendant's agents and servants in this, that the said public road crossing was one at which great numbers of people were and had for several years been continually passing on foot, horseback and in vehicles, and was at a populous locality, all of which was well known to defendant and to its agents and servants; and with such knowledge defendant's agents and servants, without ringing the bell or blowing the whistle, approached and crossed said crossing at a highly and dangerous rate of speed, to-wit, about forty miles per hour, and with a reckless disregard of the peril of said Caroline Turner, and of such community in general, as might be approaching or traversing said crossing, ran said locomotive at such rate of speed upon and against said Caroline Turner while crossing said railroad track at said public crossing, inflicting upon her wounds from which she then and there died; and defendant's agents and servants then and there knew, and were presently conscious of the fact, that it was probable and likely that some person or persons were exposed to peril at said crossing, and were conscious of the fact that they were omitting to take usual and proper precautions to avoid injuring or slaying such persons, and with a full consciousness of such facts as

aforesaid, ran said train against plaintiff's intestate so that she died."

In the seventh count of the complaint it was averred "that said killing was occasioned by a passenger train, under control of certain of defendant's employes, agents and servants, which was propelled along its track and over a crossin~ of said railroad at a high and dangerous rate of speed, at, to-wit, from 30 to 40 miles per hour, without the ringing of a bell, or the blowing of a whistle; that said crossing was and had been for, to-wit, more than 20 years largely and frequently used by the public generally without let or hindrance; that for more than 20 years it had been maintained as a crossing for the public generally; that persons were accustomed to cross the railroad track there at all hours of the day on foot, horseback, in wagons and in buggies; that said crossing was just outside the corporate limits of the town of Courtland, Alabama; that all these facts were known to those in charge of the train; that those so in charge of the train knew that it was likely or probable that some one was then on, or in dangerous proximity to said track, and exposed to peril; that said employes so knowing the likelihood of peril to some persons thus in jeopardy, did recklessly and wantonly propel said engine and cars against plaintiff's intestate who was in the act of crossing at said crossing without signal or warning of approach, in the open daylight, at said high and dangerous rate of speed, and did then and there by such means bruise, mangle, maim and crush the said Caroline Turner so that she died."

To the first and second counts of the complaint the defendant separately demurred upon the following grounds: 1. That it was not shown or averred that the intestate was rightfully on the track at the time and place where she was alleged to have been killed. 2. It is not shown or averred whether the plaintiff's intestate was crossing said track at the time she was struck or was standing thereon or walking along it. 3. That it appears from said counts that the plaintiff's intestate

was a trespasser on the defendant's track at the time she was killed.

To the third, four and fifth counts of the complaint the defendant separately demurred upon the following grounds: 1. It is not shown or alleged that said Caroline Turner was willfully or wantonly killed. 2. It is not shown or alleged that the trainmen in charge of said train knew that said Caroline Turner was on said track or had knowledge of facts which would charge them with notice that she was thereon. 3. Because the failure to blow the whistle as shown by the averments of said counts was not negligence. 4. Because the requirements of the statutes to blow the whistle or ring the bell one-fourth of a mile before reaching a public road crossing does not apply to a road crossing in a city, town or village. 5. It does not appear therefrom but that the plaintiff's intestate was a trespasser upon said track.

To the seventh count of the complaint the defendant demurred upon the same grounds as were interposed to the third, fourth and fifth counts, and also upon the following additional grounds: 1. The facts alleged in said count did not show wantonness or willfulness on the part of defendant's employes in the infliction of the injuries complained of. 2. Said count is repugnant and inconsistent in that the facts alleged therein constitute simple negligence only, but are alleged to be reckless and wanton. 3. Said count fails to allege that the employes at the time were acting within the scope of their employment.

These demurrers to each of the counts of the complaint were overruled, and thereupon the defendant pleaded the general issue and filed several special pleas to each of the counts of the complaint setting up contributory negligence on the part of the plaintiff's intestate, in that she failed to stop, look and listen before going upon the track of defendant. The court sustained the plaintiff's motion to strike said special pleas as answers to the counts of the complaint averring willful and wanton injury. To the special pleas as to the first and second counts of the complaint the plaintiff filed the following replications: "1.

That defendant's engineer saw plaintiff's intestate after her peril and failed to use all the means known to skillful engineers to stop or check the speed of said train, and if said means had been used the life of plaintiff's intestate would have been saved." "2. The fireman saw the peril of plaintiff's intestate, after she got upon the track, yet no effort was made to stop the train or check its speed, and if such effort had been made, the fatal injuries would not have been sustained."

To the first and second replications severally the defendant demurred upon the following grounds: 1. Because it does not appear therefrom how or in what way plaintiff's intestate was in peril. 2. It does not show that such failure to use means to stop the train occurred after the intestate's peril was discovered. 3. Said replication is a departure from the first and second counts of the complaint. The demurrers to these replications were overruled. Issue was joined upon the pleadings, and upon the hearing of the cause there were verdict and judgment for the plaintiff assessing his damages at $1,133.

The defendant appeals and assigns as error the several rulings of the trial court upon the pleadings.

HUMES, SHEFFEY & SPEAKE, for appellant.—The demurrers to the first and second counts of the complaint should have been sustained. Said counts do not negative that the plaintiff's intestate was at fault at the time she was upon the public road crossing, and failed to aver facts showing that she was not a trespasser.—*Glass v. M. & C. R. R. Co.*, 94 Ala. 589; *Chewning v. R. R. Co.*, 93 Ala. 24; *Railroad Co. v. Hairston*, 97 Ala. 352; *Stringer v. Railroad Co.*, 99 Ala. 397; *Hansford's Case*, 125 Ala. 349; *Montgomery's Case*, 93 Ala. 24.

The counts of the complaint which charge wanton and willful injury was inflicted were subject to the demurrers interposed to them. These counts were wholly imperfect.—*Martin v. Railroad Co.*, 117 Ala. 367; *Anchor v. R. R. Co.*, 114 Ala. 492; *Forshee's Case*, 125 Ala. 199; *Lamb's Case*, 124 Ala. 172; *Burke v. Railroad Co.*, 124 Ala. 604.

W. W. CALLAHAN and E. W. GODBEY, *contra.*—The first and second counts showed that the killing occurred at a public road crossing in or near an incorporated town, and it was not necessary for said counts to deny that the plaintiff's intestate was a trespasser, or whether she was standing, crossing or walking along the track. *A. G. S. R. R. Co. v. Burgess,* 114 Ala. 587; 69 Ala. 109.

The replications to the special pleas to the first and second counts were sufficient and not subject to demurrer.—*L. & N. R. R. Co. v. Walker,* 30 So. Rep. 740;

The third, fourth, fifth and seventh counts of the complaint sufficiently charged wanton, intentional and willful injury.—*Orr v. L. & N. R. R. Co.,* 121 Ala. 489; *Haley v. R. R. Co.,* 113 Ala. 640.

SHARPE, J.—In such part of a street or public road as may comprise the bed of a railroad, neither the railroad company nor the public have any exclusive right of occupation. Subject to the duty of being diligent in avoidance of probable danger—a duty which as between them is reciprocal—the public has a right to use the whole of the highway and the railroad company has the privilege of operating its trains.—Elliott on Streets and Roads, §§ 810, 811; *Highland Ave. & Belt R. R. Co. v. Robbins,* 124 Ala. 113. By averments of the first count and likewise by averments of the second count of this complaint it is shown that plaintiff's intestate received her injuries and death through being knocked by defendant's train off a crossing formed by the railroad and a public highway, which highway is in the first count described as a street in the incorporated town of Courtland, and in the second count is alleged to have been a public road near Courtland. Thus it appears from each of those counts that the intestate when struck by the train was not a trespasser on defendant's track.—*H. A. & B. R. R. Co. v. Robbins, supra.* It was not necessary for the complaint to negative that she was at fault in the manner in which she conducted herself while on the track

in the highway, since such fault if it existed was defensive matter.

Count 3 of the complaint, after making certain allegations as to existing conditions and as to happenings which preceded the injury, charges the defendant with "willfully and wantonly striking plaintiff's intestate, Caroline Turner, at and on said crossing, inflicting a fatal wound upon her from which she then and there expired," and count 7 avers among other things that defendant's employes, who were elsewhere averred to have been in charge of its train, "did recklessly and wantonly propel said engine and cars against plaintiff's intestate, who was in the act of crossing   *   *   *   and crush the said Caroline so that she died." The averments we have quoted are not qualified by the other averments, and each characterizes the count in which it appears as sufficiently charging that the defendant willfully or wantonly caused the intestate's death.—See *M. & C. R. R. Co. v. Martin,* 117 Ala. 367.

Counts 4 and 5 each make a case within the doctrine declared in *Ga. Pac. R'y. Co. v. Lee,* 92 Ala. 271, and expressly reaffirmed in *Haley v. K. C., M. & B. R. R. Co.,* 113 Ala. 640, which is that "to run a train at a high rate of speed and without signals of approach at a point where the trainmen have reason to believe there are persons in exposed positions on the track, as over an unguarded crossing in a populous district or a city, or where the public are wont to pass on the track with such frequency and in such numbers, facts known to those in charge of the train, as that they will be held to a knowledge of the probable consequences of maintaining great speed, without warning, so as to impute to them reckless indifference in respect thereto, would render their employer liable for injuries resulting therefrom. notwithstanding there was negligence on the part of those injured, and no fault on the part of the servants after seeing the danger." The several counts of the complaint are each free from the objection taken by demurrer.

There being no bill of exceptions the court's action

upon motions to strike out pleadings and parts of pleadings, is not reviewable.

Replications 1 and 2 do not import that the injury was inflicted wantonly or intentionally,—*A. G. S. R. R. Co. v. Burgess*, 116 Ala. 509; s. c. 114 Ala. 586; *L & N. R R. Co. v. Anchors*, 114 Ala. 492,—nor do they otherwise depart from the causes of action averred in counts 1 and 2 of the complaint. Read as they must be in connection with the pleadings to which they were sequential, it is seen that those replications aver in effect that there was negligence in the operation of the train after those who were running it saw the intestate was in peril by reason of its movements all of which might have been proved under the averments of the last mentioned counts. *Central of Ga. R. R. Co. v. Foshee*, 125 Ala. 199; *M. & C. R. R. Co. v. Martin*, 131 Ala. 269; s. c. 117 Ala. 367. These replications were unnecessary, but they were not objectionable on the grounds specified in the demurrers, and grounds not so specified cannot be considered.

Affirmed.