# Tucker *v.* Atlantic & Birmingham A. L. Ry. Co.

### *Crossing Accident.*

(Decided Feb. 26, 1910. 51 South. 949.)

*Railroads; Crossing Accident; Evidence.*—The evidenec in this
·case stated and examined and held to show that the trainmen
were guilty of simple negligence only and that the intestate was
guilty of contributory negligence precluding recovery.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by S. J. Tucker as administrator against the
Atlanta & Birmingham Air Line Railway Company,
·for damages for the death of his intestate at a crossing.

[Tucker v. Atlantic & Birmingham A. L. Ry. Co.]

From a judgment directed for the defendant, plaintiff appeals. Affirmed.

GASTON & PETTUS, for appellant. As to the effect of a demurrer to the evidence see *Burtis v. Daughdrill,* 71 Ala. 590; *Gluck v. Cox,* 90 Ala. 331; *Centray Ry. v. Roquemore,* 96 Ala. 237. As to whether or not the plaintiff was guilty of contributory negligence precluding his recovery should have been submitted to the jury for their determination. It was not a question for the court.—*M. J. & K. C. v. Bromberg,* 141 Ala. 258; *Smith v. Kaufman,* 100 Ala. 410. On the evidence there was the duty of the engineer and trainmen to keep a lookout for persons not only on the crossing but for persons who flagged trains at that point under the custom and at the invitation of the defendant.—*L. & N. v. Fitzpatrick,* 129 Ala. 322; Sec. 5472, Code 1907; *C. of Ga. v. Freeman,* 134 Ala. 354; *Bir. R. & E. Co. v. Stables,* 119 Ala. 615. Counsel discuss the rulings on the pleadings but without citation of authority.

JOHN P. TILLMAN, for appellee. Under our practice the defendant had a right to make the motion to exclude the evidence and the court had the duty of passing upon it, and the only question is as to whether the court erred in the conclusion reached.—*Hainesworth v. The State,* 136 Ala. 13; *M. J. & K. C. v. Bromberg,* 141 Ala. 258. Where the uncontraverted evidence shows that the plaintiff was guilty of contributory negligence, although shown by the plaintiff's own testimony, the defendant is entitled to the affirmative charge.—*Bromley v. Bir. Min.,* 95 Ala. 397. The evidence shows only simple negligence on the part of the defendant, and shows that the plaintiff was guilty of contributory negligence precluding his recovery, and

hence, the court properly directed a verdict for the defendant.—*N. C. & St. L. v. Harris,* 142 Ala. 249; *L. & N. v. Pierce,* 142 Ala. 681; *C. & W. v. Bradford,* 86 Ala. 574; *Peters v. Southern Ry.,* 135 Ala. 533.

MAYFIELD, J.—The majority of the court are of the opinion, and so decide, that there was no evidence in this case to show wanton negligence or willful injury, and that plaintiff's evidence showed such contributory negligence on the part of the intestate as to defeat a recovery as for the simple negligence of the defendant, and that the trial court properly gave the affirmative charges requested by defendant. The writer dissents, and is of the opinion that the trial court erred in giving the affirmative charge, and the following are only his views of the case:

The evidence in this case tended strongly to show (if it did not conclusively show) that the plaintiff's intestate was killed by a passenger train of defendant, as alleged, at "a public road crossing," and at "a regular station or stopping place" on defendant's railroad, and at "a curve crossed by a public road," and where the engineer could not see at least a quarter of a mile, and that the engineer did not approach and pass such crossing at such speed as to prevent accident in the event of an obstruction at the crossing. The evidence did not conclusively show that the engineer blew the whistle or rang the bell at short intervals while passing through the village, if Cliff could be said to be a village. The evidence did not conclusively show that the engineer, on perceiving the obstruction upon the track, used all the means known to a skillful engineer, such as applying brakes and reversing engine, in order to stop train. The evidence may have tended to show a compliance with some of these provisions, but not with all, and it

did not conclusively show a compliance with any, except that he did blow the whistle. The evidence may have tended to show that the intestate was guilty of contributory negligence which proximately contributed to his death, but it did not conclusively show it. It conclusively showed that intestate was not a trespasser upon defendant's track at the time of the injury, but that he was there by right to take passage on defendant's train, and that he was endeavoring so to do at the time he was killed. The defendant therefore owed him the duty not to injure or kill him, even negligently. Sections 3440, 3443, Code, clearly apply in this case.

Section 3443, Code 1896, is as follows: "A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed by the locomotive or cars of any railroad at any one of the places specified in the three preceding sections, the burden of proof is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents." Intestate was clearly shown to have been killed by defendant's locomotive or cars "at one of the places specified in the three preceding sections"; that is, the evidence certainly tended to show that he was killed in a village, at a station, and at a crossing, within the meaning of section 3440 of the Code. The statute therefore not only placed the burden of proof upon the railroad company to show a compliance with the requirements of that section, but also to show that there was no negligence on the part of the company or its agents. And it did not discharge this burden. It

did not attempt to do so. It offered no evidence whatever.

It evidently took the position (as we learn from the brief of its counsel), first, that no actionable negligence for which it was liable was shown; second, if such negligence was shown by the evidence, it was conclusively shown not to have proximately contributed to the injury, but the injury was the result of, or was proximately caused by, the contributory negligence of the intestate. It is true that if plaintiff's evidence failed to make out a prima facie case of negligence or willful injury against the defendant, of if it did so make out a prima facie case against it, but also went further and conclusively exculpated defendant from liability, by showing that defendant was guilty only of simple negligence, and that intestate was also guilty of negligence which proximately contributed to the injury complained of, the affirmative charge could have been given for defendant. It would be immaterial in such case that the proof was alone offered by the plaintiff. However, such is not the condition of the evidence as shown by this record; but the contrary is clearly shown. The plaintiff unquestionably made out a prima facie case for recovery under the counts claiming for simple negligence; but it did not conclusively show contributory negligence on the part of intestate. Some of it probably tended to show this, and some of it tended to rebut that part which tended to show contributory negligence; hence all of it together did not show conclusively contributory negligence, or so rebut all inferences thereof. Therefore the question of contributory negligence was certainly one for the jury, and not for the court.

It is claimed by the appellee that the evidence shows that deceased flagged the train, and that his signal was

[Tucker v. Atlantic & Birmingham A. L. Ry. Co.]

answered by the engineer; thus showing that the deceased saw the train, and that he could see it until it stuck him, and that, therefore, he was conclusively shown to be guilty of contributory negligence in attempting to cross the track in front of the engine which he thus saw. This does not conclusively follow by any means. It was shown that this was a flag station, and that deceased had to flag the train from the point at which he did flag it, and had to cross the track in order to take passage. It was open to inference that the engineer saw, or could see, deceased all the time from the time he flagged and was answered, as it was that deceased saw the engineer all the while. When the engineer answered deceased signal, deceased had a right to presume that he was going to stop at the station, and, in order to stop at the station, it was necessary to diminish the speed of the train—to slow down; and it was open for the jury to infer that if the engineer had slowed down as soon as signaled, or if he had stopped his train as deceased had a right to presume he would do, no injury would have happened, and it would not necessarily have been contributory negligence to attempt to cross the track in front of the engine. There was evidence to show that the train was going at full speed when it arrived at the depot and crossing where deceased was struck; that no attempt was made to stop or check the speed of the train until the engine was within 10 or 20 steps of the crossing; that no bell was rung and no whistle was blown, except in answer to deceased signal, until within 10, 15, or 20 steps of the crossing and depot. The deceased had a right to presume that the defendant's agents in charge of the train would do what the law enjoined upon them to do, and what the evidence showed was their custom under sim-

[Tucker v. Atlantic & Birmingham A. L. Ry. Co.]

ilar circumstances; and, if they had done this, he could and would have crossed the track in safety.

It is conceded by counsel for appellant that the evidence showed a habit of persons desiring to board westbound trains at Cliff to flag the train from the north side of the track, and then cross the track and board the train from the south side of the track. That was just what was done by deceased on the occasion when he was killed by defendant's train, while he was in the act of re-crossing to board the train. Counsel, however, seek to avoid all possible adverse inferences from this evidence because the evidence did not show that the engineer of this train knew of that custom or habit, or how long he had been in its service. This might be true as to wanton negligence, but not as to simple negligence, for the statute places the burden of proof on the railroad company to acquit itself of all negligence, where the killing or injury is shown to have been at a public crossing, in a village, or at a station. It is also true that, if the engineer did not know of the custom or habit, it was for the defendant to show it. He was its agent. It was a fact resting peculiarly within the knowledge of the defendant. It was under the circumstances of this case peculiarly defensive matter. It was not necessary to disprove it, to make out plaintiff's case; but it was necessary to prove it to make out the defense.

It is also insisted on by counsel for appellee that the evidence showed that, when deceased was running from the point at which he signaled the train to cross the track and board the train, he was running in a path which led from the station house north of the depot and track to the station, or that it intersected the road about 15 or 20 feet from the crossing; that while he was in this path he was going in a southwesterly direc-

[Tucker v. Atlantic & Birmingham A. L. Ry. Co.]

tion, while the train was going almost due west; and that when he reached the road he turned in a southerly direction, directly across the track, and hence, while he was running along this path, partly in the direction in which the train was moving, that this was not no- tice to the engineer that he would turn suddenly and cross the track, and that, therefore, it was conclusively shown that there was no negligence on his part.

It was, however, open to the jury to infer that the engineer, if he saw deceased when he flagged, knew that deceased desired to board the train, and that he must board it from the south side, that he must cross the track so to do, and that when he saw him running tow- ard the track, and toward the road, in a path which ter- minated at the road, and that the road crossed the track at right angles, he was chargeable with notice that de- ceased would cross the track at the point at which the road crossed. It was not reasonable to suppose that he would continue in a straight line, when the path he was traveling terminated at the road, and it was not at all unreasonable that he would turn across the track when he reached the road. Under the circumstances, that was the very thing to be expected. It was not shown that deceased did anything but that all others did who desired to flag west-bound trains and to take passage thereon. It does seem that if the engineer saw deceas- ed when he flagged the train, and as he ran to cross the track to take passage, he must have known he would cross the track at the road crossing; and, if he did, it was certainly his duty not to kill him.

Under all the evidence in this case, as shown by this record, the liability of the defendant for the death of plaintiff's intestate was a question of fact for the jury, and not a question of law for the court.—*Wood's Case*, 129 Ala. 483, 29 outSh. 775; *Boyd's Case*, 124

[Jaffe v. Birmingham Railway L. & P. Co.]

Ala. 525, 27 South. 408; *Foshee's Case,* 125 Ala. 199, 27 South. 1006; *Shirley's Case,* 128 Ala. 599, 29 South. 687; *Shelton's Case,* 136 Ala. 191, 34 South. 194; *Crenshaw's Case,* 136 Ala. 573, 34 South. 913; *Martin's Case,* 117 Ala. 367, 23 South. 231; Id., 131 Ala. 279, 30 South. 827; *Stewart's Case,* 128 Ala. 330, 29 South. 562.

It therefore follows that the general affirmative charge was improperly given for defendant. But in accordance with the views of the majority the judgment of the lower court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, MCCLELLAN, SAYRE, and EVANS, JJ., concur. MAYFIELD, J., dissents.

