# Birmingham, Ensley & B. R. R. Co. v. Feast.

## Crossing Accident.

(Decided April 22, 1915. 68 South. 294.)

1. *Street Railroads; Crosing Accident; Complaint.*—A complaint alleging that defendant operated an interurban street railway, running along a city street, and that while plaintiff was rightfully attempting to cross said street at a public street crossing, defendant's servants operating a car along the street. over said crossing negligently ran it into plaintiff, sufficiently shows a duty on defendant not to negligently injure plaintiff.

2. *Same; Instructions; Duty of Motorman.*—A charge asserting that a motorman is required to operate his car under such speed and control that. if persons are on or dangerously near the track, it may, with skillful application of stopping appliances, be stopped and injury averted, is abstractly correct as stating the general rule, and the further charge, stating the qualification of a person appearing so suddenly as to prevent the car being stopped in time to prevent collision, though not operated at negligent speed, should be requested if deemed desirable.

3. *Same; Care Required.*—When a motorman sees a child of tender years on or near or in dangerous proximity to the track at a crossing. it is his duty to at once put his car under such control that he can immediately stop it. if necessary to avert an injury.

4. *Same.*—A charge asserting that while it is the motorman's duty to exercise reasonable care at or approaching the point where it collided with a child, yet the streets there are not intended for use as play grounds for children, and the motorman is not under the duty of controlling his car to the degree that might be reasonable in approaching and passing through a children's playground, if he exercised reasonable diligence under all the circumstances, and with reference to the known and probable uses of the streets, is argumentative and properly refused.

5. *Same; Evidence.*—Where the evidence left open the question whether the application of the air brake would have aided in stopping the car quicker, it was proper to refuse an instruction asserting that if the jury believed the evidence they cannot find that the motorman was negligent in reversing the car rather than using the air.

[Birmingham, Ensley & B. R. R. Co. v. Feast.]

6. *Same.*—A charge instructing a finding for defendant if the jury are reasonably satisfied from the evidence that the fact that the child injured was allowed to play unattended was the sole proximate cause of the injury, is abstract where there is no evidence that such was the sole cause of the injury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Joseph A. Feast, pro. ami, against the Birmingham, Ensley & Bessemer Railroad Company, for damages suffered at a crossing. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 3 avers, in effect, the defendant was operating an interurban railway in Jefferson county, which ran along the public street known as Fifth avenue in the city of Birmingham, and that plaintiff was lawfully, rightfully, and properly attempting to cross the said public street at a public street crossing, namely, Twentieth street, and that defendant's servants or agents were then and there engaged in and about the business of operating a street car over and along the said street, and above and upon said crossing, and the said servants or agents in charge or control of said car negligently permitted the same to run over, upon or against plaintiff while he was upon said public street at said public crossing as aforesaid, thereby inflicting the following injuries (which are set out), and plaintiff avers that his said wounds and injuries were the proximate consequence and caused by reason of the negligence of such servants or agents. The demurrers were that the road was not on grade with the street; not averred or shown that plaintiff's injuries resulted proximately from the negligence complained of; no causal connection was shown between the injury and the way in which the car was alleged to have been operated; and some others relative to the charge of wantonness.

The following is the oral charge of the court which is excepted to: The motorman is also required to operate his car under such speed and with such control that, if persons or property be upon or dangerously near the track of a street railway, the car may be, with skillful application of stopping appliances, stopped and injury thereby averted. It is the duty which the motorman of defendant company in operation of the car at this place and at that time owed the people who were using this street.

The second assignment of error is as follows (to the oral charge): \* \* \* But in regard to a child of tender years, that is, under seven years old, he has no right to assume that a child of such tender age, who is seen on or in such dangerous proximity, the law requires him to at once put his car under such control as to immediately stop it, if that becomes necessary to avert the injury; in other, words, and, if you are reasonably satisfied from the evidence in this case that the motorman saw the child on the track, then it became his duty at once to put his car under such control as to be able to immediately stop it, if it was necessary to do that in order to avert injury.

The following is charge A: I charge you that, while it is the duty of defendant's motorman to exercise reasonable care while approaching and along past the point of injury, yet I charge you that the streets of the city of Birmingham at the point of injury are not intended for use as a playground for children, and the motorman is not under the duty of controlling his car to the degree which might be reasonable in approaching and passing through a children's playground, if you are reasonably satisfied that he exercised reasonable diligence under all the circumstances, and with reference to the known and probable uses of the street.

B. If you believe the evidence, you cannot find that defendant's motorman was negligent in reversing the car, rather than in using the air in emergency.

C. If you are reasonably satisfied from the evidence that the sole proximate cause of the injury was the fact that the little child was allowed to play unattended on the morning of the injury, your verdict should be for defendant.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant.

GASTON, PETTUS & DRENNEN, for appellee.

PER CURIAM.—(1) The third count of the complaint sufficiently showed a duty on the part of the defendant not to negligently injure the plaintiff and was not subject to the defendant's demurrer.—*B'ham R. R. Co. v. Fox,* 174 Ala. 657, 56 South. 1013.

(2) The first part of the oral charge excepted to by the defendant stated the general rule and was in practically the same language used by this court in the case of *Sheffield Co. v. Harris,* 183 Ala. 357, 61 South. 88. Of course, that rule has its exception or qualification in cases in which the injured person comes so suddenly within the zone of danger that it would be impossible to check or stop the car which was not being operated at a negligent rate of speed; but, the oral charge being correct in the abstract, if it was misleading in the case at bar, or pretermitted the exception to the rule, it should have been explained or qualified by a requested charge.

The defendant, however, got the full benefit of the exception to or qualification of the rule by a subsequent portion of the oral charge, as well as a written charge

given for the defendant, which appears upon page 8 of the record, and which we number 11.

(3) The second exception to the oral charge is without merit, as it correctly stated the law.—*Sheffield v. Harris, supra* (paragraph 4 of the opinion).

(4) The charge made the basis of the third assignment of error, which we designate as "Charge A," and which will be found on page 82 of the record, was refused the defendant without error. If not otherwise bad, it was abstract and argumentative.

(5) There was no error in refusing the defendant's requested charge B, as the jury could well infer from the evidence that the use of the air or emergency brake may have stopped or contributed to the checking or stopping of the car more effectively than by merely reversing same. The undisputed evidence, whether given as a fact or as an opinion, did not show that the reversal without the application of the brake was the best and quickest way to stop the car. The motorman did testify on the direct examination that the quickest way to stop the car was to reverse the lever, and which seems to be contrary to the opinion of experts, as well as results after frequent tests.—*Harris v. N. C. & St. L. R. R. Co.,* 153 Ala. 139, 44 South. 962, 14 L. R. A. (N. S.) 261. But this witness did not qualify as an expert, and, later on, upon cross-examination so testified as to leave it open to the jury to find that the application of the brake would have aided in stopping the car quicker. Nor was the testimony of Ross such as to establish, without dispute, the fact that the application of the brake would not have tended to a quicker stopping of the car.

(6) Charge C, refused the defendant, if not otherwise bad, was abstract, as there was no proof that the

fact that the child was allowed to play unattended was the sole proximate cause of the injury.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur.