# Montgomery Light & Traction Co. *v.* Harris.

### Action for Personal Injury.

(Decided June 30, 1916. 72 South. 619.)

1. **Statutes; Retroactive.**—Acts 1915, p. 722, approved Sept. 22, 1915, is without application to an appeal perfected June 17, 1915.

2. **Discovery; Pertinency.**—Construing §§ 4049 and 4054, Code 1907, it is held that an interrogatory requiring defendant to give the names and addresses of witnesses to the accident on which the suit is based, need not be answered, as it was only for the purpose of obtaining witnesses and the evidence of defendant.

3. **New Trial; Grounds; Interrogatories.**—The refusal to require a defendant to answer an interrogatory requiring defendant to give the names and addresses of the witnesses to an accident, was not ground for a new trial.

4. **Negligence; Instruction.**—Charges which restrict the right of recovery for personal injuries to the negligence of the motorman, are improper where general negligence of operation is charged.

5. **Charge of Court; Excluding Issue.**—A charge precluding recovery for special injuries if the motorman did all he "could" to avoid the accident, are improper as pretermitting inquiry as to whether the motorman used all the means and appliances known to a prudent and skillful motorman to prevent injury.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by John Harris against the Montgomery Light & Traction Company. There was judgment for defendant, which judgment was, on motion of plaintiff, set aside, and a new trial ordered, and defendant appeals. Affirmed.

Among the interrogatories propounded was one requiring defendant to give the names of any and all passengers, with their street addresses, that were on the car at the time of the accident to the child. Defendant declined to give the names of the passengers because advised that it was immaterial and irrelevant as

concerns the liability of defendant.  Charge 1, given for defendant, was as follows:

If the jury find from the evidence that the motorman of the car, as it approached Decatur street, had it under his control, and was not running at an unlawful or dangerous rate of speed, that the motorman was looking ahead, and that the child at the time was a safe distance from the track, and giving no indication that she would turn and go towards the track; that as soon as the child turned or gave any indication of going towards the track, the motorman did all he could to prevent the accident—then the plaintiff cannot recover.

RUSHTON, WILLIAMS & CRENSHAW, for appellant.  W. S. REESE, HILL, HILL, WHITING & STERN, and R. T. RIVES, for appellee.

THOMAS, J.—In the trial of the cause a verdict was rendered in favor of the defendant.  The plaintiff subsequently made a motion for a new trial, alleging:  (1) That the trial court erred in giving certain written charges requested by defendant; (2) that the court erred in refusing to require the defendant to answer certain of plaintiff's interrogatories; and (3) that the verdict was contrary to the law and the evidence.  From the order granting this motion for a new trial, and the judgment thereon, the appeal is taken.

(1)  The act approved September 22, 1915, has no application to this appeal, the appeal being from the order of May 14, 1915, granting plaintiff's motion for a new trial, and having been perfected June 17, 1915.—Gen. Acts 1915, p. 722.

(2)  The interrogatories permitted to be propounded to an adverse party in a civil suit, under the Statutes (Code, § 4049, et seq.), must be pertinent to the issues or the matter in dispute between the parties.  The form of plaintiff's motion was within the rule declared for such cases in *Russell v. Bush*, 196 Ala. 309, 71 South. 397.  The action of the court thereon was without error.

This court has held that if the interrogatories are not pertinent to the issue or matter in dispute, there is no statutory requirement that answer be made thereto.—Code 1907, § 4054; *Culver v. Ala. Mid. Ry. Co.*, 108 Ala. 330, 18 South. 827; *Gray v. Perry*, 111 Ala. 532, 20 South. 368; *Ala. City, Gadsden & A. Ry.*

*Co. v. Appleton,* 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; *St. L. & S. F. R. R. Co. v. Sutton,* 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366. This right, under the statute, was adverted to in *Stearnes v. Edmonds,* 189 Ala. 487. 66 South. 714, where Mr. Justice SOMERVILLE observes that the party "may, in all cases, secure a statement of the particulars desired," so far as they are known to the opposite party, "by filing interrogatories to his adversary."

The information called for by the question on which the motion is predicated was in no way pertinent to the matter of liability vel non of the defendant to the plaintiff. It was for the purpose of obtaining the names of the witnesses of the opposite party, or its evidence. Such was not within statutory authority. —*Watkins v. Cope,* 84 N. J. Law, 143, 86 Atl. 545; *Wolters v. Fidelity Trust Co.,* 65 N. J. Law, 130, 46 Atl. 627; *Dodd v. Public Service Corp.,* 29 N. J. Law J. 22; *Benbow v. Law,* 16 Ch. Div. 93; 1 Pom. Eq. Jur. § 201; 14 Cyc. 324.

(3) The motion for a new trial should not have been granted because of the ruling of the trial court in refusing to require the defendant to answer such interrogatory, or to punish it for declining to so answer.

(4, 5) The defendant's given charge No. 1 restricted the right of recovery to the negligence of the motorman in charge of the car when the fatal injury occurred. The third count of the complaint charged that the defendant so negligently conducted its business that by reason thereof, and as a proximate result and consequence thereof, said child was killed, etc., and does not so limit the negligence to that of the motorman. Moreover, the charge excuses the defendant from negligence, provided only that the "motorman did all he could to prevent the accident." It pretermits inquiry whether the motorman used all the means and appliances known to prudent and skilled motormen to prevent the injury.—*Brown & Flowers v. C. of Ga. Ry. Co., infra,* 72 South. 366. The charge is not brought within the scope of *B. E. & B. R. Co. v. Feast,* 192 Ala. 410, 68 South. 294.

There is no conflict between the instant case and *Sheffield Co. v. Harris,* 183 Ala. 357, 61 South. 88.

The giving of charge No. 1, at defendant's request was error, and the motion for a new trial was properly granted on this ground.

It will not be necessary to discuss the many other grounds presented by the motion.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.