(77 South. 720)

DENSON v. CADDELL.    (6 Div. 637.)

(Supreme Court of Alabama.    Nov. 29, 1917. Rehearing Denied Jan. 24, 1918.)

1. PLEADING ⬅═⯈208 — DEMURRER — SUFFICIENCY.

Under Code 1907, § 5340, prohibiting allowance of objection not distinctly stated in the demurrer, a single ground of demurrer that "the allegation of each and every one of said counts is vague, uncertain, and indefinite," was properly overruled.

2. WITNESSES ⬅═⯈270(2)—IMPEACHMENT—MATERIALITY.

In action against an attorney for balance due client, where witness had stated on cross-examination that persons had advised her against employing the attorney, it was proper not to require her to state the names of the persons who so advised her, such matter being immaterial and irrelevant, and not proper basis for impeachment.

3. CONTRACTS ⬅═⯈155—CONSTRUCTION.

Where terms of doubtful meaning are used in a contract, they will be construed against the party who framed them, unless the contract would be thereby annulled, or other rules of construction thwarted, and unless the doubtful terms were the common language of both parties.

4. ATTORNEY AND CLIENT ⬅═⯈148(3) — CONTRACTS FOR FEES—CONSTRUCTION—"TRIAL."

Under contract by which a client agreed to pay an attorney one-half the amount collected "if trial of cause is had," but in the event of a compromise without trial "to pay one-third

of the recovery," the word "trial" in its broader sense meaning upon the merits, and not a trial of issues of law only, where there was no trial on the merits, the attorney was entitled to one-third only, and the client could recover the difference between one-third and one-half of the amount paid (citing Words and Phrases, First and Second Series, Trial).

5. ATTORNEY AND CLIENT ⬅═⯈151 — EMPLOYMENT OF OTHER ATTORNEY—LIABILITY.

If an attorney employed on a contingent fee agrees to pay other attorneys out of his share for their aid, the client is not liable for the fees of such attorneys.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Clyde Douglas Caddell by next friend, against W. A. Denson, in assumpsit. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The assignments of error referred to are as follows:

(8) The court erred in charging the jury orally as follows: If this original contract remained not changed or modified or altered between these parties, the Clanton attorneys were not brought into the case with the knowledge and consent, and their services were not accepted by plaintiff, or for him by his mother, then plaintiff is entitled to recover the difference between one-half and one-third of the amount of the judgment obtained in that court, to wit, $1,500, the difference between one-half and one-third.

(9) In giving to the jury at the request of plaintiff the following charge: If you believe from the evidence that the only contract between plaintiff and defendant was the written contract introduced in evidence, then I charge you that plaintiff was entitled to recover.

(10) The following charge for plaintiff: If you believe from the evidence that Mr. Denson employed Middleton & Reynolds, and agreed to pay them out of his part, under the contract, and Middleton & Reynolds accepted this employment, then I charge you that plaintiff would not, in any way, be responsible for any additional compensation for Middleton & Reynolds.

(11) In refusing the following charges requested by defendant: (1) The affirmative charge to find for defendant. (2) The court charges the jury that if the jury believe the evidence in this case, defendant was entitled to 50 per cent. of the amount collected for his services in the case of Clyde Caddell v. L. & N. R. R. Co.

W. A. Denson, of Birmingham, for appellant. Percy, Benners & Burr, of Birmingham, for appellee.

McCLELLAN, J. [1] This action was brought by the appellee, against the appellant. From a judgment for the plaintiff for $386.67, the defendant appeals. The complaint consists of three common counts, and declares on an account stated, an open account, and for money had and received by the defendant for the use of the plaintiff. To these counts a demurrer was interposed on this single ground: "The allegation of each and every one of said counts is vague, uncertain, and indefinite." This was but a general ground of demurrer, not specific, as the statute (Code, § 5340) requires, and the court did not err in overruling it. Ala. Land Co. v. Slaton, 120 Ala. 259, 24 South. 720.

───────────
⬅═⯈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Between the plaintiff and defendant, respectively, the relation of client and attorney had existed. The substance of plaintiff's claim against the attorney was that the defendant was liable to the plaintiff for the difference between his fee under their contract and the amount paid, under a consent judgment, in plaintiff's action, for personal injuries, against the Louisville & Nashville Railroad Company. Originally the plaintiff's suit against the railroad company was instituted in Etowah county, Ala., but subsequently this suit was dismissed and another brought, for the same injury, in Chilton county, Ala. The suit brought in Chilton county progressed to a consent judgment against the defendant for $1,500 in favor of the plaintiff. The plaintiff in the present action introduced in evidence an instrument in writing, the presently pertinent part of which reads:

"The State of Alabama, Jefferson County.

"This agreement witnesseth: W. A. Denson, lawyer, undertakes to prosecute a suit for Clyde Douglas Caddell, who is a minor and who sues by his next friend Miss Lula Caddell against Louisville & Nashville Railroad Company, a body corporate for personal injuries to Clyde D. Caddell the cause of action having occurred on the 3d day of December, 1912. For said services and undertaking the said Miss Lula Caddell agrees to pay said W. A. Denson an amount equal to one-half of the recovery that may be had in the case, either by settlement or compromise out of court; or in court; or by a verdict of a jury or by the court without intervention of a jury. If trial of cause is had, but in the event of a compromise of the cause without a trial then the said W. A. Denson shall be paid one-third of the amount of such compromise as his fee in the cause."

With the consent of those nearly related to the injured minor, and doubtless, the minor himself, the original suit, brought in the performance of the services contemplated by the contract, in Etowah county, was dismissed, and a suit for the same cause was later instituted in Chilton county. Reference will be later made to the quoted terms of this paper.

[2] During the cross-examination, by the defendant in person, of Mrs. Frances Caddell, the mother of the plaintiff, the witness stated that some people had objected to the employment of defendant as the attorney in the suit to be brought for the injuries suffered by young Caddell. And being asked by the defendant what were the grounds of objection, the witness, after assurance from the defendant that he desired to know, stated the objection, whereupon the defendant asked the witness: "Who told you that? * * * I want the names of the parties." The court sustained the plaintiff's objection to these inquiries. Subsequently, during the cross-examination of Mrs. Caddell, the defendant sought to have the witness give the names of persons whose rights she knew, or others had said, he had not observed, or to state whether these objectors had told her that they knew he had so failed to observe the rights of others. The court also sustained objections to such questions. In view of

the issues involved in the case, it is manifest that these matters were entirely immaterial, wholly irrelevant. They came out, not on the examination by the plaintiff, but on the cross-examination. Being immaterial and irrelevant, the subject or subjects of these questions (noted in assignments of error 4 to 7, inclusive) were not available as the basis or bases for impeaching testimony. It appears that defendant was engaged as attorney at the instance of the witness, the mother of the injured minor, notwithstanding the objections to which she referred; and the contract of employment subsequently made with defendant evinced a repudiation of the objections detailed by Mrs. Caddell.

The remaining assignments of error bring into question a part of the oral charge of the court, two special instructions given the jury at the instance of the plaintiff, and two requests for special instructions that were refused to the defendant, one of which was the general affirmative charge for the defendant. The report of the appeal will contain the matters complained of in assignments 8 to 12, inclusive. A review of questions made by these subjects of complaint requires consideration of the contract, a part of which is quoted above in this opinion. In the brief for appellee it is stated that this contract was constructed on a blank form, and that the expression beginning with the words, "If trial of cause is had," and ending with the above quotation from the instrument, was set in, in ink, following the just preceding printed provision relating to the compensation of the attorney. The original paper does not appear to have been certified to the Court of Appeals, from which, by transfer, this appeal comes to this court; and the evidence recited in the bill of exceptions is too meager to warrant the conclusion that the paper was partly written and partly printed. If the evidence, disclosed by the paper itself, justified the statement in the brief for appellee, there would then have been reason to appeal to the rule thus stated in Thornton v. Sheffield Co., 84 Ala. 109, 112, 4 South. 197, 199 (5 Am. St. Rep. 337).

"It is a rule of interpretation of deeds or other instruments, partly printed and partly written, that the written portions are presumed to have commanded the stricter attention of the parties; and, if there is an irreconcilable conflict between them, the writing prevails over the printed matter. 2 Dev. on Deeds, § 837; Bishop on Contr. § 413. This is but the teaching of human experience, crystalized into law."

The defendant testified that J. B. Ivey, a lawyer member of defendant's office force, wrote the instrument and put the interlineations in it; and that Ivey had authority to represent defendant in a general way, to take contracts that came into defendant's office. Later the defendant instituted the suit for plaintiff's injury, in Etowah county, as contemplated in this contract, which suit was afterwards dismissed, and another, for the

same cause, brought in Chilton county, from the consent judgment in which the money claimed, in part, by plaintiff was derived. As we understand the evidence, to summarily state its effect, plaintiff's theory and contention was that the written contract, quoted in part before, was the contract operative to determine the amount of defendant's compensation for or about the Chilton county suit; while, on the other hand, the defendant's theory and contention was that this contract was modified or altered by agreement between plaintiff's representative and defendant, one effect of which was to charge the plaintiff with liability to compensate Chilton county lawyers who were associated with defendant in the Chilton county suit; and, in response to this contention by defendant, the plaintiff asserted, in effect, that the Chilton county lawyers were engaged, and were to be compensated by defendant, and not through the plaintiff's employment of them and engagement to compensate them. The court submitted to the jury the determination of the issues involved in the respective theories and contentions, which we have, after a summary fashion, indicated. Now, to undertake the construction of the vital (first quoted) part of the contract: Aside from some circumstances related to the contract, there is nothing else in it that could serve the purpose of its correct construction. It is clear that if the expression, "If trial of cause is had, but in the event of a compromise of the cause without trial then the said W. A. Denson shall be paid one-third of the amount of such compromise as his fee in the cause," had been omitted, the contract would have provided with perfect precision for an amount of compensation equal to one-half of the amount paid or recovered, and so without regard to whether there was a trial of issues of law and fact or either of such issues, without regard to whether the cause was settled or compromised in or out of court. The immediately succeeding provision, just above reproduced, expressed, as readily appears, a different intent, viz. that, in a certain event, a less percentage of compensation (one-third, instead of one-half) should be the measure of the attorney's due under the provisions of that instrument. This latter provision pointedly contradicted the just preceding provision wherein it was stipulated that one-half should be the measure of the attorney's compensation, even if the cause was settled or compromised out of court. The extent to which this apparent conflict in the terms of the instrument was effective in defining or expressing the intent of the parties is the question of construction of the written contract presented on this appeal. Very correctly, as we understand the respective contentions of the parties, the interpretation to be given this feature of the written contract is made to turn upon the significance the parties intended to be accorded the word "trial" in the connection it is there used. The word "trial," when referred to judicial proceedings, may signify the consideration, investigation, and determination of issues of either law or fact, or both. Various definitions of the word may be found in 8 Words and Phrases, p. 7095 et seq.; 4 Words and Phrases (2d Ed.) p. 1003 et seq. We do not find these definitions or those noted on the respective briefs of any particular service in the ascertainment of the intent with which the term was used by the parties in the instrument under consideration. The plaintiff insists, and we understand the court below so concluded, that "trial" there meant an inquiry into the merits of the cause, rather than the process and acts usually described in the phrase "settling the pleading," by which, commonly, it is to say: To present to the court and have decided the issues of law involved or introduced into the inquiry by means and methods of pleading. The defendant insists that trial as therein employed signified any contest made or arising with respect to the pleadings in the case and in contesting an effort to remove the case from the state court to the District Court of the United States.

[3] Where terms of doubtful meaning are used in a contract such terms will be construed against the party who framed them, unless, of course, the contract would be thereby annulled, or other rules of construction thwarted in their legitimate operation. Evans v. Sanders, 8 Port. 497, 33 Am. Dec. 297; Minge v. Green, 176 Ala. 343, 350, 58 South. 381; 9 Cyc. pp. 590, 591. Where the doubtful terms employed are the common language of both parties, the rule is without application. Beckwith v. Howard, 6 R. I. 1, 8. As appears from the circumstances and relation of the parties (attorney and client), as well as that of Ivey, who did the writing, and the services undertaken and to be performed by the attorney as disclosed by the terms of the instrument, it cannot be held that the terms of this stipulation were the "common language" of both parties. The agreement for the compensation was regulated by one or the other of two measures, to be afforded in one event or the other by what preceded the receipt of money from the case, viz. whether there was a trial or not; and, if not, one-third; and, if so, one-half.

[4] The just stated rule of construction requires that the term "trial" should be read to its broader significance, viz. a trial upon the merits, not a trial of issues of law only or the contesting of any motion to remand to or from the United States court. This court is aware that generally the more laborious, important, and exacting service of an attorney in cases of this nature precede the examination of witnesses, the argument to the court or jury on the merits, or even a scrutiny of the jury's instruction by the court, as well as the formulation of special instructions for presentation at the proper stage of

the trial; but these considerations are not at all serviceable, for the inquiry, in this connection, is not, as upon a quantum meruit or a quantum valebat, for services rendered or to be rendered, but upon the meaning of a written contract which itself undertook to define duty and service and varying compensation therefor contingent upon the events described therein. Under the evidence, the construction of the written contract, in this particular, was a question of law for the court. There was no trial on the merits of this case in the Chilton county court. Hence the stipulated fee in the written contract was a sum equal to one-third, viz. $500. It necessarily results from this conclusion of the meaning and effect of these provisions of the written contract that the trial court did not err in instructing the jury in the particulars complained of in assignments of error numbered 8 and 9, and in declining to instruct the jury as recited in assignment of error numbered 12.

[5] The issues under the evidence in the case forbade the giving of the general affirmative charge, requested by the defendant. The subject of the tenth assignment of error correctly advised the jury upon the distinctly stated hypothesis that the attorney (defendant), and not the plaintiff, employed and agreed to compensate the Chilton county attorneys out of what he, the attorney (defendant), received. The assignments of error being without merit, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.