(80 South, 736)

## ALABAMA POWER CO. v. HOLMES.
### (8 Div. 539.)

(Court of Appeals of Alabama. Feb. 5, 1918. On Rehearing, June 29, 1918.)

1. STREETS RAILROADS ⊛⇒110(1) — INJURIES ON TRACK—TRESPASS BY PLAINTIFF—COMPLAINT.

Averments of complaint that street railroad's servants negligently ran car against buggy in which plaintiff was sitting while on a street in a city, *held* sufficient to show plaintiff was not a trespasser on the railroad's tracks, so that it owed her the duty not to negligently injure her.

2. TRIAL ⊛⇒296(3) — REFUSAL OF INSTRUCTION.

In action for injuries to plaintiff sitting in buggy struck by street car, refusal to defendant of charge asserting generally principle of law applicable to case, *held* harmless, in view of charges given, asserting same proposition as applied to evidence, hypothesizing only possible theories on which doctrine of unavoidable accident could have applied.

### On Rehearing.

3. PLEADING ⊛⇒208—DEMURRER—SPECIFICATION OF GROUNDS.

Under Code 1907, § 5340, grounds of demurrer to complaint against street railroad for injuries while crossing its tracks in a buggy, *held* not specific enough to put trial court in error for overruling them.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by Willie Holmes against the Alabama Power Company. From judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied, 80 South. 438.

Spragins & Speake, of Huntsville, for appellant.

Taylor & Watts, of Huntsville, for appellee.

BROWN, P. J. [1] The averments of the third count of the complaint, that the defendant's servants negligently ran the car against the buggy in which the plaintiff was sitting, while it was on West Clinton street in the city of Huntsville, is sufficient to show that the plaintiff was not a trespasser on the defendant's tracks, and hence that it owed her the duty not to negligently injure her. B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013; B., E. & B. R. Co. v. Feast, 192 Ala. 410, 68 South. 294; Montgomery Street Ry. Co. v. Shanks, 139 Ala. 489, 37 South. 166; B. R., L. & P. Co. v. Clark, 148 Ala. 673, 41 South. 829; Sou. Ry. Co. v. Crenshaw, 136 Ala. 573, 34 South. 913.

[2] While charge 1, refused to the defendant, asserts a general principle of law applicable to the case, its refusal in this case was clearly not injurious to the defendant, in view of charges 2 and 5 given at defendant's instance, which assert the same proposition of law as applied to the evidence in the case, hyphothesizing the only possible theories upon which the doctrine of unavoidable accident could be applied to the case in hand.

After a careful review of the evidence in the case, we are not able to say that the action of the court in denying the motion for a new trial was erroneous. Cobb v. Malone, 92 Ala. 630, 9 South. 738; Veid v. Roberts, 200 Ala. 576, 76 South. 934.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[3] The appellant in brief supporting the application for rehearing concedes that our holding that the demurrer to the third count of the complaint was properly overruled is supported by the case of B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013.

We take this from appellant's brief:

"The Fox Case (174 Ala. 657 [56 South. 1013]) is the most apt of those cited in the opinion as justifying the court's holding. Indeed, it would perhaps be hypercritical to seek to distinguish the two cases in respect of the allegations of the first count of the Fox Case, as compared with those of the third count here."

In disposing of this case, we were not unmindful of the holding of the Supreme Court that the right to the use of a street, as a street whereon a street railway has been laid, is confined to cases where the railway is flush with the street surface, relegating to the category of a trespasser a pedestrian who moves upon a railway (otherwise than in crossing it) that was not so constructed with the street as to be flush with it, usable as a part of the street surface. But the trouble with appellant's contention is that his demurrers do not raise this point. There is not the least suggestion in the demurrers that this is the objection sought to be presented, and this question possibly did not occur to the trial court in passing upon the demurrers, and there is certainly nothing in the grounds of demurrer stated to direct the court's attention to this proposition. The grounds stated are:

(1) It does not appear therefrom but that plaintiff was a trespasser upon defendant's track.

(2) It does not appear therefrom that plaintiff had a right to be where she was when struck by defendant's car.

(3) It does not appear therefrom that plaintiff, when injured, was crossing defendant's track at a place where she had a right to cross.

(4) It does not appear therefrom that defendant owed plaintiff any duty except not to injure her wantonly or willfully.

(5) It does not appear therefrom at what place said injury occurred.

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These grounds are not specific enough under our statute to put the court in error for overruling them on the theory advanced by appellant in the application for rehearing. Code, § 5840, and numerous authorities construing this statute. In one case it was said:

"We have in the Code not merely an abolition of general demurrers, and a substitution of special demurrers, but we have, in addition thereto, an express prohibition of the making or allowing of any objection not stated in the demurrer. This prohibition was useless, if nothing more than the adoption of the special demurrers was intended. That is accomplished by the first clause of the section quoted. Not stopping with the mere requisition of special demurrers, the law has prescribed a special demurrer as the mode of making objections for substantial defects in pleadings. It would be difficult to find anything more appropriate for the operation of this superadded mandate of the law than the rule of making a party's demurrer the occasion of defeating his own pleading. The object of the Legislature was to prevent surprise, and to protect parties from injury in consequence of errors in pleading not made known until the time for amendment' had passed." Henley v. Bush, 33 Ala. 642; Chewning v. Knight, ante, p. 357, 77 South. 969; Denson v. Caddell, 201 Ala. 194, 77 South. 720.

An examination of the authorities cited by appellant will show that they were either not dealing with the question as presented by appropriate demurrer, and that reference to it was merely an incident to the discussion of the question under consideration by the court, or that the ground of demurrer was direct and specific.

After careful consideration of the question, the opinion prevails that the grounds of demurrer interposed to the third count of the complaint do not raise the question argued, and that it was not error for the court to overrule them.

We are satisfied with what was said in the original opinion with respect to the other questions presented, and the application for rehearing will be overruled.

Application overruled.