# Joseph, Gaboury & Co. v. Southwark Foundry & Machine Co.

*Action of Assumpsit.*

1. *Evidence ; contradictory statements.*—While contradictory statements made by a witness, when unexplained, may affect his credibility, they do not, of themselves, render the statements incompetent as evidence.

2. *Dissolution of partnership ; notice thereof.*—Where a partnership has been dissolved, constructive or implied notice of its dissolution will be sufficient as to all persons who have had no previous dealing with the firm ; but as to persons who have had previous dealing with it, its continuance will be presumed until actual notice of the dissolution be given, or such steps have been taken as to warrant the inference that such notice has been received.

3. *Account stated ; presumption of its correctness.*—If an account is rendered to a debtor, and he admits its correctness, or retaining it makes no objection within a reasonable time, he will be bound by it as an account stated, his silence in the latter case being construed as an implied admission of its correctness.

4. *Same.*—If a debtor to whom an account has been rendered objects to only one of the items thereof, he will be considered as admitting the correctness of the other items, to which no objection is interposed.

5. *Implied contract for work and labor done.*—Where one performs certain work for another with the latter's knowledge and assent, and it is accepted, it is not necessary that there should have been an express contract to bind the latter, as the law construes the acceptance of the work to be an implied contract therefor.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

The present action was brought by the appellee corporation against the appellants, to recover for the building of certain cotton presses, and counted on the common counts. The defendants pleaded the general issue, payment, and that the defendants, E. B. Joseph and J. A. Gaboury, as a partnership, never made any contract with the plaintiff ; and

that if the presses were built by the plaintiff, they were built under a contract entered into between plaintiff and the Simplex Compress Manufacturing Company. The plaintiff replied to the plea denying the partnership, and set up by way of replication that the defendants, Joseph and Gaboury, did business as a firm under the firm name of Joseph, Gaboury & Co., and it was with that firm that the contract for the presses was made. The evidence tended to show that in April, 1886, Joseph, Gaboury & Co. contracted with the plaintiff to build for them a trial press. This press was built and completed in June, 18~6, was accepted and paid for by the defendants. The plaintiff's testimony tended to show that in June, 1886, Joseph and Gaboury made another contract with the plaintiff to build for them three more presses. This contract, it is contended by the defendants, was made, not with them as a partnership, but with Gaboury for the Simplex Compress Manufacturing Company, a corporation. It is not shown in the evidence when the partnership of Joseph, Gaboury & Co. was dissolved, if ever dissolved, or that the plaintiff corporation was ever informed that said partnership was dissolved.

For answer to the 9th interrogatory propounded by plaintiff to the witnesses Mirkil, Cornelius and Creager, asking how many presses the defendants employed the plaintiff to build for them, and how many were built, the witness Mirkil answered : "There appeared orders on the shop book for four presses—one original press and three subsequent. We built the original press complete before the other presses were ordered. Then we built and shipped two of the other three ; · · · but the fourth press ordered is still in the yard in an incompleted state." To this same ninth interrogatory the witness Cornelius answered : "The defendants employed the plaintiff to build four presses for them. Three of which presses were completed, and the fourth press was about three-quarters completed, and is in this present unfinished state now at the Southwark Foundry and Machine Company. The presses were built in the summer of 1886." After several objections to portions of the depositions of these witnesses, the defendants moved to exclude the answer of the witness Cornelius to the 9th interrogatory. The court overruled the said motion, and the defendants duly excepted. It was also shown by the testimony of the plaintiff that it had done extra work on the three presses, which were ordered in June, 1886, at the suggestion of said Gaboury.

At the request of the plaintiff, the court gave to the jury

xcix.

the following written charges : (1.) "A partnership is bound for the acts of each of the partners done in the name, and apparently on account, of the firm, while it is supposed to exist ; and to relieve themselves from this responsibility, they must give a reasonable notice that they are no longer partners." (2.) "If the jury believe from the evidence that the partnership of Joseph, Gaboury & Co. employed the plaintiff to build one press for them, and afterwards said partnership was dissolved, and after such dissolution the defendant Gaboury employed plaintiff to build other presses for said partnership, both of the defendants would be liable on such contract, if the plaintiff had no notice of the dissolution of said partnership, until they had done the work contracted with said Gaboury to be done for the said partnership." (3.) "That although the partnership of Joseph, Gaboury & Co. may have been dissolved in May or June in the year 1886, and if the plaintiff had no notice thereof until it did the work sued for, such dissolution would be no defense to this action." (4.) "If the defendant Gaboury, in behalf of the partnership of Joseph, Gaboury & Co., contracted with plaintiff the account sued on, after the dissolution of such partnership, and without any notice to plaintiff of the dissolution of such partnership, then it is no defense to the action that said partnership has been dissolved." (5.) "If a debtor to whom an account is rendered either admits its correctness, or retains it and makes no objection within a reasonable time, he will be bound by it as an account stated." (6.) "If the jury believe from the evidence that the plaintiff rendered or furnished a copy of its account on its books to defendant Gaboury, and Gaboury objected to certain items of said account as being incorrect, and that these were the only items objected to, this amounts to an admission that each and every other item in said account was correct." (7.) "If the jury believe from the evidence that a contract was made by defendants with plaintiff to build three compresses for the corporation known as the Simplex Compress Manufacturing Company on condition that the plaintiff should make defendants or said corporation a proposition therefor, and that said proposition and said bond were not made, and that defendant Gaboury afterwards contracted with plaintiff to build three compresses for the partnership of Joseph, Gaboury & Co., the defendants would be liable under such contract, if the plaintiff had no notice of the dissolution of said partnership." (8.) "That a contract may be implied as well as expressed, and that if the plaintiff did work and labor for the defendants, with the knowledge and

assent of the defendants, and they accepted it, it was not necessary that there should have been an express contract." The defendants separately excepted to the giving of each of these charges ; and also reserved separate exceptions to the refusal of the court to give each of the following charges requested by them : (1.) "There is no evidence before the jury as to when the contract for the last three compresses was made, except the testimony of the witnesses Joseph and Gaboury, and the bond introduced in evidence ; and if the jury believe the evidence, it proves that the contract for the last three compresses was made with the Simplex Compress Manufacturing Company." (2.) "If the jury believe from the evidence that the original partnership of Joseph, Gaboury & Co. was dissolved in or about September, A. D., 1886, and that said partnership was confined to the matters set forth in the partnership agreement introduced in evidence, and that Joseph, when the account against Joseph, Gaboury & Co. was presented to him, claimed that the account should have been against the Simplex Compress Manufacturing Company, no admissions made by Gaboury, if the jury found he made any, are binding on Joseph to fix a liability on him therefor." (3.) "If the first contract with plaintiff was made in the name of Joseph, Gaboury & Co., and the second contract was not made in the name of Joseph, Gaboury & Co., but under a different name, this change of name is of itself sufficient to put the plaintiff on notice that they were dealing with a different concern ; and upon this state of facts, if the jury find them to exist, the law read by plaintiff's counsel, as to the necessity of giving notice of the dissolution of the firm of Joseph, Gaboury & Co., has no application whatever to the case."

There was judgment for the plaintiff in the sum of $7,473.75. The defendants prosecute this appeal, and assign as error the court's refusal to strike out the answer of the witness Cornelius to the ninth interrogatory, and the court's giving of the charges requested by the plaintiff, and the refusal to give the charges asked by them.

JONES & FALKNER, for appellants.

ARRINGTON & GRAHAM, contra.

COLEMAN, J.—The suit is in assumpsit against appellants as a partnership. The material issues of fact presented by the pleadings were, whether the contract, the foundation of the suit, was made with the defendant part-

[Joseph, Gaboury & Co. v. Southwark Foundry & Machine Co.]

nership, or made with the Simplex Compress Manufacturing Company, a corporation formed after the dissolution of the partnership, and which succeeded it; and if made after the dissolution of the partnership, whether plaintiffs had notice that the partnership had been dissolved. There was evidence which tended to sustain the special plea of defendants, and there was evidence which tended to support plaintiff's replication to the plea.

There was no error in overruling the motion to exclude the answer of the witness Cornelius to the 9th interrogatory. Contradictory statements made by a witness, unexplained, may affect his credibility, but do not render the statements incompetent as evidence.

In the case of *Mauldin v. Branch Bank at Mobile*, 2 Ala. 502, it was held, that "a dissolution of a partnership may take place *inter partes*, and yet the connection continue as it respects the rest of the world. In respect to all persons who have had no previous dealings with the concern, a constructive or implied notice of its dissolution will be sufficient. But as to persons who have had dealings with the firm, during its continuance, it is requisite, that actual notice be given, or that such steps have been taken as to warrant the inference that it was received by the creditor." The rule rests upon the principle, that the partnership being once known to exist, its continuance will be presumed in favor of third persons, who have had dealings with it as a partnership, until notice of its dissolution has been brought home to them.

In the case of *Burns v. Campbell*, 71 Ala. 286, it was held that, "if a debtor to whom an account is rendered either admits its correctness, or retains it and makes no objection within a reasonable time, he will be bound by it as an account stated, his silence in the latter case being presumptively construed into an acquiescence in its justness," citing *Langdon v. Roane*, 6 Ala. 518. It is further held in the same opinion, that if *one item only is objected to*, this is an admission of the correctness of the other items to which no objection is interposed.

These principles of law sustain the first seven charges given for plaintiff. The eighth charge needs no citation of authority to sustain it.

In reply to the 9th interrogatory, the witness Cornelius testified directly that the *defendants* employed the plaintiff to *build four* presses for them; and the witness Mirkil testifies as to the time the contract was made. The first charge asked for by defendants was, therefore, properly refused.

[Creamer v. Holbrook et als.]

We find no evidence in the record, which would have authorized the giving of either of the charges requested by defendants.

The judgment of the lower court is affirmed.