(80 South. 855)

## PATERSON v. MOBILE STEEL CO.
### (1 Div. 62.)

(Supreme Court of Alabama. Jan. 23, 1919.)

1. APPEAL AND ERROR ☞1078(1)—WAIVER OF ERROR—FAILURE TO INSIST.

Rulings assigned for error are waived by failure to insist upon them on appeal.

2. PARTNERSHIP ☞50—EVIDENCE—LETTER TO COMMERCIAL AGENCY.

In action for goods sold against one as partner, his signed acknowledgment of partnership connection indorsed on letter of commercial agency, inquiring whether he was a general partner, was admissible, it being shown plaintiff relied on his relation as partner.

3. PARTNERSHIP ☞259 — CONTINUANCE OF RELATION.

Until the contrary appears, a partnership once shown to exist will be presumed to have continued.

4. PARTNERSHIP ☞56—EVIDENCE.

In controversy between a stranger and ostensible firm, or one sought to be charged as partner therein, the utmost strictness of proof is not required to charge persons as partners.

5. PARTNERSHIP ☞34—EVIDENCE—ESTOPPEL.

In controversy between a stranger and ostensible firm, or one sought to be charged as partner therein, estoppel in favor of the creditor of the firm may be established by evidence directed to showing that such person or persons acted as partners; that by their habits and course of dealing, conduct, and declarations they induced the creditor to deal with them as such, in good faith.

6. EVIDENCE ☞171—BEST EVIDENCE—COLLATERAL MATTER.

Where, on issue of partnership, evidence narrative of defendant's alleged acts in signing checks issued by the partnership was sought to be introduced, it was not necessary to introduce the checks as the best evidence in the premises, the signing being a collateral matter.

7. PARTNERSHIP ☞216(2) — PLEADING AND PROOF.

Where replication recited, as bearing on issue of partnership of a defendant, the use of stationery by the partnership bearing such defendant's name, reports of Dun and Bradstreet that he was a partner, and city directories and newspaper advertisements showing that the partnership included him, proof of such circumstances was material and admissible.

8. PARTNERSHIP ☞36—REPUDIATION.

Where one knew of use by a partnership of stationery bearing his name as partner, and of the existence of publications reciting that he was a member of such partnership, a third person has a continuing right to rely on such apparent status in dealing with the firm until such ostensible partner effectively repudiates the apparent relationship.

9. PARTNERSHIP ☞50—EVIDENCE.

On the issue of partnership as to third person dealing with firm, testimony by partner conducting the business that he gave the information borne by directories to the effect that defendant was a partner in the concern, was admissible, although defendant himself may not have known of the communication of such information; it appearing by other evidence that defendant had been or was a partner with the one giving such information.

10. PARTNERSHIP ☞50—EVIDENCE.

On the issue of defendant's partnership, summons and complaint, and sheriff's return of service upon defendant, in another suit against him and another defendant, as partners, was admissible, as bearing on defendant's acquiescence in the continued general acceptance of his relation as partner.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Assumpsit by the Mobile Steel Company against the Bay City Roofing & Sheet Metal Works and W. B. Paterson and W. J. Nelson, partners composing the above firm. Judgment for plaintiff, and the defendant W. B. Paterson appeals. Affirmed.

The plea sufficiently appears. The following are the replications referred to in the opinion:

A1, as amended:

"Plaintiff says that defendant W. B. Paterson is estopped from denying his liability as a partner in this suit because he held himself out, or permitted himself to be held out, as a partner in the following manner: The Bay City Roofing & Sheet Metal Works was organized by said defendant Paterson, W. J. Nelson, and Albert Max, as an unincorporated concern, for the purpose of engaging in business under that trade name at Mobile, Ala., and did so engage in business at said place, and while so engaged in its business the defendant Paterson participated in its business affairs, and, jointly with the defendant W. J. Nelson, controlled its funds. The said defendant Paterson has previously to organization of said concern been engaged in business with the said defendant Nelson as partners, and, after the organization of the Bay City Roofing & Sheet Metal Company, the individual names of said Paterson and Nelson and Max appeared on the business stationery of said concern, and the defendant Paterson had notice of these facts at the time the goods herein sued for were sold; and plaintiff alleges that its authorized representative, who for it and in its behalf extended the credit for which this suit is brought, knew the facts as hereinabove set forth at said time, and sold the goods which plaintiff alleges were to be used in said business at the express request of said Paterson, reasonably believing from said facts and such request that he was a partner in said Bay City Roofing & Sheet Metal Works, and the credit was extended because of said belief."

Replication A2, as amended:

"For replication numbered A2 plaintiff adopts all the averments of replication A1, as hereinabove set forth, down to and including the words 'on the business stationery of said con-

cern,' and adds thereto the following: And previously to the opening of this account carried on business correspondence with plaintiff on said stationery. The Bay City Roofing & Sheet Metal Works was described in the reporting agencies of Dun and Bradstreet, who are engaged in giving to their subscribers in the trade information in such matters, as composed of said Paterson, Nelson, and Max. The Bay City Roofing & Sheet Metal Works was carried in the city directories of the city of Mobile, Ala., and advertised in the daily newspapers in Mobile, as so composed. It was treated and spoken of generally in the trade in Mobile as a partnership composed of said individuals, and W. J. Nelson, who was interested with the said Paterson with the active management of said concern, advised the trade generally and plaintiff that it was a partnership as so composed; that said Paterson stated to the representatives of Dun and Bradstreet that he was a partner in said company, and he had notice of all of the facts as hereinabove set forth at the time the goods herein sued for were sold; and plaintiff alleges that its authorized representative, who for it and in its behalf extended the credit for which this suit is brought at said time, knew the facts as hereinabove set forth, and sold the goods whose value is sued for at the request of said Paterson, reasonably believing from said facts and such request that he was a partner in said concern, and the credit was extended with the knowledge of said Paterson because of such belief."

Armbrecht, Johnston & McMillan, of Mobile, for appellant.

Brooks & McMillan, of Mobile, for appellee.

McCLELLAN, J. The appellee instituted this action against the Bay City Roofing & Sheet Metal Works, and "W. B. Paterson and W. J. Nelson as partners," composing the same. Plaintiff stated its case in common counts. The court, trying the case without jury, rendered judgment against the defendants. W. B. Paterson alone appeals and assigns errors.

[1] Through plea 2 Paterson set up that he was not a member of the partnership at the time in question. In replications A1 as amended and A2 as amended the plaintiff set up an estoppel against Paterson to assert his nonmembership in the concern. The report of the appeal will reproduce these replications. Paterson's demurrers to these replications were overruled. These rulings are assigned for error, but they are waived by a failure to insist upon them on appeal. So the question of the sufficiency of these replications is not considered. They are to be accepted as efficient in raising and defining, for this review, the issues tendered by their averments. Paterson joined issue on these replications.

[2] The only errors assigned and urged on brief for appellant relate to rulings on the admission of evidence touching the issue of partnership vel non on the part of Paterson in respect of that status, effect upon liability

to the plaintiff, a third party, for the goods sold, etc., to recover for the value of which the action was brought.

On March 28, 1914, the appellant indorsed, over his own signature, on a letter from R. G. Dun & Co. to him, the following: "I acknowledge my connection as above." This letter read:

"It is claimed, or otherwise reported, that you are a general partner in the firm of Bay City Roofing & Sheet Metal Works (not inc.), doing business at Mobile, Ala., and as such general partner liable for all the debts and obligations of the said firm. Please inform us below whether you acknowledge such general partnership."

Appellant testified as follows:

"Witness knew that at the time he wrote on the bottom of the above-mentioned letter that he was giving to the trade a statement that he was a partner in the Bay City Roofing & Sheet Metal Works. * * * Witness was, at the time he received the letter from Dun & Co. dated March 23, 1914, financing the Bay City Roofing & Sheet Metal Works, and knew, to a dollar, what they owed, and knew, when he received said letter and made the statement he made thereon, that the purpose of that statement was to give to the trade generally knowledge as to who composed that company, and under those circumstances he signed the statement that he was a partner and gave it to Dun & Co."

[3] It thus appears that at that time Paterson unequivocally admitted, fully knowing the purpose and result of the statement, his relation as a partner to the concern. The letter and the indorsement antedate the oldest item of the account, and the evidence leaves no doubt that in the sale of the goods to this concern the plaintiff relied on Paterson's relation as a partner. Until the contrary appears, a partnership once shown to exist will be presumed to have continued. Joseph v. Southwark, 99 Ala. 47, 51, 10 South. 327; Letson v. Hall, 1 Ala. App. 619, 623, 55 South. 944; 22 Ency. of Law, pp. 49, 50; 30 Cyc. p. 403.

[4, 5] Where the controversy is between a stranger and the ostensible firm, or one sought to be charged as a partner therein, the utmost strictness of proof is not required to charge persons as partners. Cain Lumber Co. v. Standard, etc., Co., 108 Ala. 346, 18 South. 882. In that character of controversy, estoppel in favor of the creditor of the firm may be established by evidence directed to showing that such person or persons acted as partners; that by their habits and course of dealing, conduct, and declaration they induced the creditor to deal with them as such, in good faith. Cain Lumber Co. v. Standard, etc., Co., supra.

[6] Complaint is made of the reception of evidence narrative of the appellant's alleged acts in signing or countersigning checks issued by the Bay City Roofing & Sheet Metal.

Works. Since the act of signing or countersigning the checks was a collateral matter, directed to the proof of appellant's real or apparent relation to the concern, it was not necessary to introduce the checks as the best evidence in the premises. 6 Mich. Dig. Ala. Rep. pp. 151–2. The assignments of error based on the reception of this evidence are without merit.

[7] As will be noted by reference to the allegations of the mentioned replications (the sufficiency of which against demurrer is not presented for review), these circumstances are enumerated as conducing to disclose appellant's connection with the concern, or a course of conduct or silence on his part that was calculated to induce a stranger, acting in good faith, to deal with the concern as if appellant was a partner therein: (a) The use of stationery on which appellant was named as a party in interest; (b) the reports of Dun and Bradstreet, reporting agencies that give information to the trade, wherein it was recited that appellant was one of the partners of the metal works; (c) city directories of Mobile showing that the metal works was composed of appellant and others; and (d) advertisements in the newspapers of Mobile bearing the like information. Without regard to the independent legal efficacy or materiality of these circumstances, either to prove of themselves the existence of a partnership of which appellant was asserted to be a member, or to raise an estoppel against appellant to dispute, as against a stranger creditor, the existence of his connection with the concern, it is manifest that the result of the recital of these circumstances in the replications rendered proof of them material, and also admissible. Postal Tel. Co. v. Lenoir, 107 Ala. 640, 644, 18 South. 266.

[8, 9] In this connection it may be well to state that there was evidence from which it might have been reasonably found that the appellant knew of the use of the stationery and of the existence of the publications; that appellee relied on the status of fact they tended to evidence; and that appellant took no effective steps to repudiate them so as to deprive a stranger (appellee), then and thereafter dealing with the concern, of a continuing right to rely on appellant's connection therewith. Joseph v. Southwark, supra; Humes v. O'Brien, 74 Ala. 64; Cain Lumber Co. v. Standard, etc., Co., supra. W. J. Nelson, who was referred to in the publications and on the stationery as a proprietor of the concern, along with appellant, and who more immediately conducted the business, was permitted, over appellant's separate objection, to testify that he gave the information borne by the directories at the office of the concern. If, as phases of the evidence up to that point went to show, appellant had been in fact, or was in fact, a partner with Nelson, the substance and source of the information thus given was admissible, notwithstanding appellant himself may not have known of its communication. Shackelford v. Williams, 182 Ala. 87, 62 South. 54; Humes v. O'Brien, 74 Ala. 67. There is no merit in assignments 17, 19, 20, and 22.

[10] On August 3, 1916, appellant was served with process from the law and equity court of Mobile in an action brought by the Slatington-Bangor Slate Syndicate, a corporation, against appellant and Nelson as partners composing the Bay City Roofing & Sheet Metal Works. In rebuttal, the appellee was permitted to introduce the summons and complaint and the sheriff's return of service of the process on this appellant. On appellant's cross-examination he testified, in effect, that he remembered nothing about that suit, and gave no attention to it, took no action in respect of its or his defense thereto. These papers, with the service of their process upon appellant, afforded some evidence of appellant's actual acquiescence in the continued general acceptance of his previously avowed relation as a partner in the concern. If he was not then a partner, it is reasonable to suppose, at least until otherwise explained, that, when so formally impleaded in that relation, he would have taken some appropriate steps to deny or to repudiate its existence.

The assignments of error urged in the brief are without merit.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.