171 So. 628

## Ex parte POLLARD.

### 7 Div. 418.

Supreme Court of Alabama.

Nov. 27, 1936.

Rehearing Denied Jan. 14, 1937.

W. H. Sadler, Jr., of Birmingham, for petitioner.

Erle Pettus, Erle Pettus, Jr., and C. D. Ritter, all of Birmingham, for respondent.

BROWN, Justice.

This is an original application for writ of mandamus, in the absence of other adequate remedy, seeking to review the rulings of the circuit court of Talladega county—Hon. Lamar Field presiding—and to compel the vacation of an order of that court requiring the defendant Pollard, as receiver of the Central of Georgia Railway Company, sued for the wrongful death of plaintiff's intestate, to disclose facts constituting the res gestæ of such death, information which he has acquired through investigation from reports of his servants or agents, of which the defendant has no personal knowledge, and to which he could not testify as a witness. Mandamus is the appropriate remedy to review the rulings. Ex parte Tower Manufacturing Co. et al., 103 Ala. 415, 15 So. 836; Ex parte State ex rel. St. Peters M. Baptist Church, 212 Ala. 365, 102 So. 793.

The circuit court in making the order seems to have proceeded on the idea that section 7767 of the Code (1923), which provides that "When the party to whom the interrogatories are addressed is a corporation, the answers thereto must be made by such officer, agent, or servant of the corporation as may be cognizant of the facts," was applicable to the defendant, who was engaged as receiver in operating the railroad at the time of the alleged death.

The right to propound interrogatories to the adverse party in civil actions at law is purely statutory, and while it may be that in the circumstances here presented the statute should require the answers to be made by an agent or servant cognizant of the facts, nevertheless it is clear that it does not. The answers, therefore, must be made by the defendant in person, and it is now well-settled that the statute contemplates that the facts elicited shall be material, competent legal evidence, pertinent to the issues in the case; that the statute does not permit interrogatories which serve as a mere fishing expedition to elicit information not admissible as competent legal evidence. Ex parte Nolen, 223 Ala. 213, 135 So. 337; Sibley et al. v. Hutchison, 218 Ala. 440, 118 So. 638; Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 72 So. 619; Collins v. Mobile & O. R. Co., 210 Ala. 234, 97 So. 631; Sullivan Timber Co. v. Louisville & Nashville R. Co., 163 Ala. 125, 50 So. 941; Culver, Adm'r, v. Alabama Midland Railway Co., 108 Ala. 330, 18 So. 827; Chandler v. Hudson, Use, etc., 8 Ala. 366.

Answers predicated on "information" obtained from others would be purely hearsay, and not admissible as evidence; hence such information is not within the influence of the statute.

The case was submitted here on the application and the demurrers of the respondent. The foregoing is sufficient to indicate that it is the judgment of the court here that the demurrers are not well taken, and unless the circuit court vacates the order on being advised of this ruling the peremptory writ of mandamus will be issued.

Writ awarded conditionally.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.