175 So. 277

### Ex parte FARRELL et al.

#### 1 Div. 967.

Supreme Court of Alabama.

June 14, 1937.

Rehearing Denied June 29, 1937.

W. C. Taylor, of Mobile, for petitioners.

D. R. Coley, Jr., of Mobile, for respondent.

### ANDERSON, Chief Justice.

Edna Louise Gerald, a minor, brought suit by next friend, against Claude M. Farrell et al., and plaintiff propounded interrogatories under the statute to the defendants who failed to answer. Whereupon plaintiff made a motion requiring the defendants to answer the said interrogatories and the trial judge denied the motion as to some of them, but required an answer to some of them as set out and scheduled in the record. As to those which the defendants were not required to answer, they could not and do not complain, and this petition for mandamus seeks to review and revise the order of the trial court only so far as the order required answering certain interrogatories. This case therefore falls squarely under the influence of Ex parte Little, 205 Ala. 517, 88 So. 645, wherein we held that mandamus would not be granted for the purpose of determining the admissibility of the evidence by piecemeal as the party had an adequate right and remedy upon appeal to object to and exclude the answer upon the trial if not relevant or competent. The rule seems to be different, however, when the trial-court denies the motion to require an answer and mandamus will be awarded to compel him to do so unless it appears that the evidence sought is patently objectionable and inadmissible, and .such was the holding in the cases cited and relied upon by petitioner. Tuck v. Carlisle, 217 Ala. 143, 115 So. 155; Ex parte Nolen, 223 Ala. 213, 135 So. 337; Ex parte State ex rel. St. Peters M. Baptist Church, 212 Ala. 365, 102 So. 793.

True, in the case of Ex parte Pollard (Ala.Sup.) 171 So. 628,[1] the judge required Pollard, the receiver, to answer the interrogatories and this court awarded a mandamus requiring him to vacate the order. This case, however, did not involve passing on the admissibility of the evidence

by piecemeal in advance of the trial as in the Little Case, supra, and the case at bar. The mandamus was awarded in the Pollard Case, supra, upon the broad proposition that Pollard, the receiver, was not subject to the statute and the order requiring him to answer was unauthorized which was analogous to the holding in State ex rel. Smith, Atty. Gen. v. McCord, Circuit Judge, 203 Ala. 347, 83 So. 71.

The demurrer to the petition is sustained and the writ is denied.

Mandamus denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.

