21 So.2d 619

**Ex parte BAHAKEL et al.**

6 Div. 331.

Supreme Court of Alabama.

March 29, 1945.

---

[1] Ante, p. 460

Hugh A. Locke and Wade H. Morton, both of Birmingham, for petitioners.

Lange, Simpson, Brantley & Robinson, of Birmingham, for respondent.

GARDNER, Chief Justice.

There is pending in the Circuit Court of Jefferson County a suit by Alfred and William Bahakel, doing business as the Bahakel Produce Company, against the Great Southern Trucking Company, seeking damages alleged to have been caused by a collision of plaintiff's automobile truck and trailer with the truck operated by the defendant.

Certain written interrogatories were propounded by the plaintiffs to the defendant, as authorized by Sec. 477 et seq., Title 7, Code 1940. Plaintiffs, being dissatisfied with the answers to Interrogatories 10, 11, and 11(a), applied to the trial judge for an order requiring that the defendant more fully and completely make answer thereto. Upon due consideration the trial judge denied the motion, and plaintiffs have sought a review of this ruling in this proceeding.

That the appropriate remedy by mandamus has been pursued for a review of this ruling is not questioned. Ex parte Nolen, 223 Ala. 213, 135 So. 337.

Of course, the general rule applies in this as in all other cases, that the extraordinary remedy of mandamus is to be granted only when there is a clear, specific, legal right shown, for the enforcement of which there is no other adequate remedy. Smith v. McQueen, 232 Ala. 90, 166 So. 788; Hawkins v. Pure Oil Co., 232 Ala. 660, 169 So. 307.

And in cases of this character— that is where the trial court denies the motion to require an answer—we have said that mandamus will be awarded to compel him to do so unless it appears that the evidence sought is patently objectionable and inadmissible. Ex parte Farrell, 234 Ala. 498, 175 So. 277.

The trial judge has filed a complete answer, giving his reasons for denying the motion, with citation of applicable authorities, all of which has proven helpful in our study of the cause. The answer makes it clear that the primary purpose of these interrogatories, particularly Nos. 11 and 11(a), is to have the defendant, as a common carrier, disclose in the pending suit the surety bond or securities on file, as provided in Gen.Acts 1939, p. 1076, now appearing as Sec. 301(16), Title 48, 1943 Cumulative Pocket Part, Code 1940.

But it has been here determined that under the provisions of what is known as the Motor Carrier Act of 1939, Code 1940, Tit. 48, § 301(1) et seq., the surety cannot be joined in a suit against the carrier. Baggett v. Jackson, 244 Ala. 404, 13 So.2d 572. And under the general rule, therefore, proof concerning any such suretyship would be incompetent and inadmissible in the trial of this cause. There are exceptions, as illustrated in Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757; and Luquire Ins. Co. v. McCalla, 244 Ala. 479, 13 So.2d 865, where the matter of insurance may become material if defendant insists the employee was not in fact his servant or agent but an independent contractor. But any such question is eliminated in this case, as the answer discloses that defendant has stipu-

lated of record that its motor vehicle involved in the collision in this suit was being operated at the time of the accident by its servant, acting within the line and scope of his employment. It thus appears, therefore, that this case presents no exception to the general rule.

■ But counsel for petitioners seem to lay some stress upon the statement, as found in the opinion of Baggett v. Jackson, supra, that the injured party's right against the insurer under the Act of 1939 is primary and not derivative. So it is. But the liability does not arise on the part of the insurer until a judgment is rendered against the carrier. We held in the Baggett case that this was the plain, unambiguous language of the statute. The statement, therefore, that the injured party's right against the insurer is primary and not derivative can, in our opinion, add nothing to petitioner's insistence here.

■ The insistence as to Interrogatory 10 is closely associated with that involving Nos. 11 and 11(a). By this interrogatory defendant was asked in regard to the operation of a motor transportation business under a certificate of public convenience and necessity, with a demand that, if so operating, there be attached to the answer a true and correct copy of such certificate. Defendant answered to the effect that it had complied with all laws relating to the exercise of its franchise in the State of Alabama, and that it was lawfully operating on the occasion in question, that all these matters are of public record and subject to plaintiff's examination, and that the defendant does not have copies to furnish plaintiff.

We think the answer gives all the information the plaintiff is entitled to have. There is no occasion for further proof in this respect, and no necessity for the exhibition of the certificate of public convenience and necessity. That certificate is required to have specified thereon, not only the character of business, but also the reasonable rules, terms, conditions, and limitations consistent with the character of the holder as a contract carrier, which the Commission considered necessary respecting the operation of such carrier. See Sec. 301 (11), Title 48, 1943 Cumulative Pocket Part, Code 1940.

■ It is quite evident, therefore, that the certificate, with the rules, terms, conditions, and limitations printed thereon would be of no probative value in the trial of this cause, but on the contrary, if admitted in evidence might well tend to run counter to the rule in regard to the proof concerning matters of insurance, which, as we have observed, in this particular case would be incompetent and inadmissible.

What has been said should suffice to disclose the reasons upon which we find ourselves in accord with the ruling of the trial court denying plaintiff's motion.

It results, therefore, that the writ of mandamus is due to be denied. It is so ordered.

Writ denied.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.