44 So.2d 560

**Ex parte WOOD.**

2 Div. 277.

Supreme Court of Alabama.

Feb. 9, 1950.

Rehearing Denied March 9, 1950.

Walter P. Gewin and O. S. Burke, Greensboro, for petitioner.

376

White, plaintiff, sued petitioner on the common counts (1) on an account stated, (2) for money loaned, and (3) for money had and received. The defendant in answer to these several counts of the complaint, in addition to the plea of the general issue, interposed several special pleas averring in substance that the demand or contract sued on was based in whole or in part on a gambling consideration.

■ Certain written interrogatories were propounded by the petitioner to the said plaintiff, as authorized by § 477 et seq., Title 7, Code 1940. Plaintiff declined to answer interrogatories 9, 13, 14, 21, 22, 23, 24, and 25 and defendant applied to the trial judge for an order requiring him to make answer. Upon consideration, the trial judge denied the motion and the petitioner has sought to review that ruling by the present proceeding. There is no question but that such procedure is proper to review the trial court's action. Ex parte Bahakel et al., 246 Ala. 527, 21 So.2d 619; Ex parte State ex rel. Tuck, 217 Ala. 143, 115 So. 155.

The answer of the respondent judge sets forth that the defendant's special pleas 7, 8, and 9, filed in the case, affirmatively show that all information sought by the interrogatories was within the particular knowledge of the defendant, or that otherwise the averments set out in said pleas could not have been made, and that respondent rested his action in denying the defendant's said motion as follows:

"b. Pleas 7, 8 and 9 affirmatively show all information sought by the interrogatories was in the particular knowledge of Defendant.

"c. The interrogatories constituted an attempt by the Defendant to make the Plaintiff disclose his evidence.

"d. The interrogatories propounded each sought information as to the consideration for the accounts sued on and if the consideration was a gambling one then this information was necessarily known to the Defendant and therefore said interrogatories were not in the nature of a discovery."

W. R. Withers, Greensboro, for respondent.

SIMPSON, Justice.

Petitioner, W. T. Wood, is the defendant in a pending action wherein Winston

On a careful consideration, we have concluded the action of the trial court was proper.

The purpose of interrogatories is the discovery of evidential matters known to the adverse party and not to the propounder. Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

The adverse party is not required to disclose in his answer to the interrogatories propounded to him information equally available to the propounder. Ex parte Bahakel, supra.

Nor is the adverse party required to disclose his own evidence or the identity of his witnesses. Ex parte Nolen, 223 Ala. 213, 135 So. 337; Altman v. Barrett et al., 234 Ala. 234, 174 So. 293; Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 72 So. 619.

Section 50, Title 9, Code 1940, providing that in actions brought for the recovery of money or property lost upon any game or wager, either party may be examined on interrogatories "as in other cases," in nowise impinges upon the general principles adverted to above, nor detracts from their pertinency to the instant case.

Guided by these principles, we have reached the conclusion that the action of the respondent should not be revised.

Writ denied.

FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.