50 So.2d 413

**Ex parte DRIVER.**

**2 Div. 285.**

Supreme Court of Alabama.

Feb. 1, 1951.

G. E. Sledge and Walter P. Gewin, of Greensboro, for respondent.

W. R. Withers, of Greensboro, for petitioner.

STAKELY, Justice.

J. E. Driver, petitioner here, has an action pending in the Circuit Court of Hale County, Alabama, for damages for his alleged unlawful arrest on the 28th day of January 1950 on a charge of grand larceny. It is alleged in substance that before the commencement of the suit the charge was judicially investigated, the prosecution terminated favorably to the plaintiff and the plaintiff discharged. It is also alleged in substance that the warrant was issued and the arrest was made maliciously and without probable cause. The suit is against J. C. Beech and also against Mrs. Ruby

Beech, W. E. Grubbs, Mrs. W. E. Grubbs, Selwyn Turner, Good Housekeeping Appliance Co., a corporation, Mobile Butane Gas Co., Beech Transport, Beech Transport Company and Beech Transport Gas, individually, and doing business as partners under the name of Mobile Butane Gas Co., Beech Transport, Beech Transport Co. and Beech Transport Gas.

On the same day J. E. Driver filed his aforesaid complaint he also filed interrogatories to all the persons named as defendants. The defendants filed in court their respective answers to the interrogatories propounded to them. The plaintiff being dissatisfied with the refusal of the several defendants to answer the interrogatories or to answer fully the questions asked, filed in court certain motions directed to Hon. L. S. Moore, Presiding Judge of the aforesaid court, praying that the named defendants be required to answer or to answer more fully the questions shown in the motions. At the hearing the attorney for the plaintiff disclosed to the trial judge that he proposed to add counts in unlawful arrest and false imprisonment to the complaint and also stated that the relations between the several defendants being unknown to the plaintiff, many of the questions called for answers that would be evidential in proving agency, partnership or acts of an employee acting within the line and scope of his employment. The attorney also stated that many of the questions would have a direct bearing to prove a course of conduct on the part of the named defendants which would be material testimony in proving agency, partnership or acts of employees or servants acting in the line and scope of their employment as to the separate and several defendants. The court refused to require certain interrogatories to be answered or answered more fully. J. E. Driver, petitioner here, has sought a review of these rulings in this proceeding.

The case is submitted on the original petition for mandamus filed here by J. E. Driver, the demurrer thereto and the answer of Hon. L. S. Moore, the Presiding Judge in the aforesaid court.

The answer of the Judge shows that from the pleadings, the statements of attorneys and answers made to the other interrogatories, which answers are not here presented, that J. E. Driver was employed as a driver of a truck with tank trailer to transport butane gas in bulk and plaintiff did transport a load of this gas from a refinery in Louisiana to Greensboro, Alabama, where he was arrested on January 28, 1950, for larceny of the aforesaid gas under a warrant sworn out on January 28, 1950 by the defendant J. C. Beech. According to the answer it also appears that the defendant W. E. Grubbs claims to have leased to J. C. Beech certain trucks and equipment to transport the gas. The Judge further shows in his answer that the basis of plaintiff's suit is that the defendant J. C. Beech allegedly maliciously or falsely caused the arrest of plaintiff on the aforesaid date and the plaintiff seeks to fasten liability therefor on the other defendants in the cause by virtue of an alleged master and servant relationship, partnership or joint adventure arrangement existing between the defendants at the time of the alleged tort of the defendant J. C. Beech. It also appears from the answer of the Judge that the defendants filed in the cause verified denials of the alleged partnership under which they were sued.

There is no doubt that mandamus is the appropriate remedy for a review of the rulings here made. Ex parte Bahakel, 246 Ala. 527, 21 So.2d 619. It is also true in cases of this character that where the trial court denies the motion to require an answer, mandamus will be awarded to compel him to do so, unless it appears that the evidence sought is patently objectionable and inadmissible. Ex parte Bahakel, supra; Ex parte Farrell, 234 Ala. 498, 175 So. 277.

It is also settled that the right to propound interrogatories to an adverse party in civil actions at law is purely statutory. The interrogatories must seek to elicit facts which shall be material, competent, legal evidence, pertinent to the is-

124

sues in the case. Interrogatories which serve as a mere fishing expedition are not required to be answered. Ex parte Pollard, 233 Ala. 335, 171 So. 628; Ex parte Nolen, 223 Ala. 213, 135 So. 337. Nor is an answer required to an interrogatory which is too general. Ex parte Nolen, supra. This court has also said that the purpose of such interrogatories must be the discovery of evidential matter known to the adverse party and not to the propounder and a party will not be required to disclose the names of his witnesses or his evidence. Ex parte Wood, 253 Ala. 375, 44 So.2d 560; Ex parte Nolen, supra; Montgomery Light & Traction Co. v. Harris, 197 Ala. 358, 72 So. 619.

### Interrogatories to W. E. Grubbs

■ The court correctly refused to require answer to interrogatories 11 and 12. The questions seek information as of the time when the interrogatories were propounded and not as of January 28, 1950, when the alleged arrest was made. The fact, if true, that some of the equipment of the defendant W. E. Grubbs bore the name "Good Housekeeping Appliance Company" at the time the interrogatories were propounded would not be admissible to show that this concern had any interest in the equipment on January 28, 1950. If the idea is to predicate liability on a master and servant relationship between the parties it is necessary to show such relationship at the time and in respect to the very transaction out of which the injury arose. Powers v. Williamson, 189 Ala. 600, 66 So. 585; Perfection Mattress & Spring Co. v. Windham, 236 Ala. 239, 182 So. 6; 57 C.J.S., Master and Servant, § 562, page 273.

■ The answer to interrogatory 13 is sufficient. It shows that the payment was a leasing arrangement and not a division of profits and losses.

■ In respect to interrogatory 15 the answer is sufficient with reference to J. C. Beech, but the question should be answered as to the other alleged associates. The time is fixed in January, 1950. If a partnership relationship prior to the 28th is shown on which liability might be predicated, that relationship would be presumed to continue to the 28th, nothing to the contrary appearing. Guin v. Grasselli Chemical Co., 197 Ala. 117, 72 So. 413; Patterson v. Mobile Steel Co., 202 Ala. 471, 80 So. 855; Letson v. Hall, 1 Ala. App. 619, 55 So. 944.

As to interrogatories 18 and 19 it is sufficient to say as to the time involved what we have said with reference to interrogatories 11 and 12.

■ In interrogatory 22 the first two questions call for testimony relating to a present situation, that is who pays at the present time for equipment previously operated in January 1950. The last question, however, should be fully answered.

■ We think interrogatory 26 should be answered.

■ Interrogatory No. 27 is too general and would require information as to matters subsequent to January 28, 1950.

■ It is sufficient to say as to interrogatory 29 that the plaintiff would have as much knowledge relating thereto as the defendant W. E. Grubbs would have.

■ As to interrogatory 34 it is sufficient to say that it calls for an explanation of the mental process of the defendant W. E. Grubbs.

### Interrogatories to J. C. Beech.

■ Interrogatories 27 and 28 are too general in nature. These questions also relate to the present and not to matters as of January 28, 1950.

Interrogatory 31 has been answered. It denies a sharing of profits and losses such as would indicate a partnership or joint adventure arrangement.

■ Answer to interrogatory 38 was properly refused. See Ex parte Wood, supra.

Interrogatory 39 is too general and is not limited to the issues in this case.

It is sufficient to say as to interrogatory 41 that the plaintiff would have as much knowledge relating thereto as the defendant J. C. Beech.

Interrogatory 42 is fully answered. While a yes or no answer was not given, the facts are stated according to the version of J. C. Beech.

Interrogatory 46 calls for testimony of a mental process and should not be answered.

The court correctly refused to require answer to interrogatory 49. It is too general in nature, not limited to any time whatever in the future or in the past or in any capacity as to whether defendant appeared as attorney, witness, claim agent involving an isolated transaction at some remote, indefinite and unconnected time. If the defendant should answer the question in the affirmative, then such answer would lead into side issues and away from the issues involved in this case.

### Interrogatories to Good Housekeeping Appliance Co.

Interrogatory 2 was sufficiently answered.

Interrogatory 5 should be answered. As has been pointed out, if there was a partnership relationship between the parties prior to January 28, 1950, the date of the alleged arrest, then there will be a presumption that such relationship continued to the time of the trial, nothing to the contrary appearing.

The court ruled correctly in not requiring answer to interrogatory 6. This called for testimony as to a present situation and not for testimony as of the time of the alleged unlawful arrest.

The court ruled correctly in not requiring answer to interrogatory 8 because of its prejudicial tendencies and irrelevancy.

### Interrogatories to Mrs. W. E. Grubbs.

Both interrogatories 6 and 22 were sufficiently answered.

It results that as to the several interrogatories hereinabove pointed out which should have been answered, the court was in error, and to that extent the writ of mandamus will issue as prayed.

Writ awarded.

FOSTER, LAWSON and SIMPSON, JJ., concur.