88 So.2d 363

**Ex parte C. C. MARKLE.**

**5 Div. 595.**

Supreme Court of Alabama.

June 14, 1956.

378

Walker & Walker, Opelika, for petitioner.

L. J. Tyner, Opelika, for respondent.

SPANN, Justice.

Petitioner, defendant below, seeks a writ of mandamus requiring Honorable Will O. Walton, as Associate Judge of the Fifth Judicial Circuit, to vacate an order which directed defendant to answer interrogatories 2, 3, 8 and 9 propounded to him by the plaintiff. The cause was submitted here on briefs on the petition and respondent's answer thereto.

Plaintiff, Auburn Insurance Agency, Inc., sued defendant on two promissory notes. Count 2 of the complaint claimed $3,052.47, the face of one of the notes, plus an attorney's fee. We do not describe the note sued on in count 1, because the interrogatories in question are concerned with the note and debt claimed in count 2.

After his demurrer had been overruled, defendant filed a plea in short by consent of the general issue with leave etc. In addition, he filed pleas 6, 7 and 8 which were pleas of setoff. Plea 7 was a plea of setoff in the sum of $3,000.00 due from plaintiff for unearned premiums on insurance canceled by plaintiff or ordered by defendant to be canceled during the period of three years immediately before the filing of this suit. There is no question but that plaintiff claims that the note sued on in count 2 was given in payment of insurance premiums.

On November 3, 1953, plaintiff filed interrogatories to defendant covering both counts of the complaint; and on November 5, 1953, defendant propounded interrogatories to plaintiff. Defendant answered plaintiff's interrogatories on February 11, 1954, and plaintiff answered defendant's interrogatories on February 15, 1954.

On April 9, 1954, plaintiff filed a motion to require defendant to answer certain numbered interrogatories including the four here involved. Six days later, defendant filed a like motion concerning certain interrogatories to which plaintiff had filed exceptions and had not answered. On April 19, 1954, the trial court made the following order which petitioner seeks to have vacated by this petition:

"On this April 19, 1954, the date set for the settling of pleadings prior to the trial term of this court, and the parties to this suit, the plaintiff corporation by attorney and the defendant in person and by attorneys, and the plaintiff having filed motion to require the defendant to answer interrogatories, and the said motion being heard and considered, it is ordered by the court that the defendant answer the following interrogatories 2, 3, 8, 9, and within 15 days from this date."

The trial court further ordered plaintiff to answer certain interrogatories which it had failed to answer and that order was complied with on May 1, 1954.

The interrogatories and the answers thereto with which we are concerned are set out by the reporter. It is not a question of a refusal of defendant to answer them, but rather, are they adequately answered?

Mandamus is the appropriate remedy for review of a circuit judge's rulings in either granting or refusing a motion to require answers or fuller answers to interrogatories propounded by one party to the adverse party under Title 7, § 477 et seq. Ex parte Pollard, 233 Ala. 335, 171 So. 628; Ex parte Driver, 255 Ala. 118, 50 So.2d 413.

We think the answer to interrogatory 2 was sufficient. The defendant states under oath that he does not have "all the information or knowledge necessary to answer" it, and he should not be subjected to the penalties for not answering, when he, of his own knowledge, does not know. State ex rel. Everett v. Board of School Commissioners of Mobile County, 246 Ala. 133, 19 So.2d 545. A further indication that

defendant did not know the answers is that on seven of the nine policies which he listed in his answer to interrogatory 2, he asked the following questions in his interrogatories propounded to plaintiff:

"20. (a) Did Auburn Insurance Agency, Inc. write Policy No. RS 65017 with United States Fidelity & Guaranty Company? If so, answer the following questions:

"(b) When was the policy written?

"(c) What was the term of the policy?

"(d) What was the premium?

"(e) What was the coverage?

"(f) When did it expire?

"(g) Was it extended, and, if so, for what period?

"(h) Who paid the premium for the extension?

"(i) Was a binder issued on this policy?

"(j) Was said policy cancelled before it expired, and, if so, when?

"(k) Was there an unearned premium on this policy, and, if so, how much?

"(*l*) Was such unearned premium ever repaid to C. C. Markle?

"(m) If you have not already done so, attach a copy of this policy and any binder issued thereon to your answer."

These questions were among those which were objected to and not answered by plaintiff when his answers to defendant's interrogatories were filed on February 15, 1955.

One of the reasons given by the respondent in his answer to the petition as to why he ordered defendant to answer the interrogatories was:

"(g) That since the Court, respondent, required plaintiff to answer defendant's interrogatories 20–31, giving to the defendant evidence to support defendant's claimed set-off of $3,000, that the plaintiff was likewise entitled to know in advance of the trial of the cause, on what facts or figures defendant below based his alleged set-off claim of $3,000." The question as to the sufficiency of plaintiff's answers to defendant's interrogatories is not before us for decision. As already noted, defendant did not have the full information concerning the policies in question when he made the contested answers on February 11, 1954. Even though he did receive additional information from plaintiff on May 1, 1954, after the court had ordered plaintiff to answer interrogatories 20 to 31 inclusive, that information being from the plaintiff, it was already known to him, Ex parte Wood, 253 Ala. 375, 44 So.2d 560, and it would have been hearsay on the part of defendant. See Ex parte Pollard, supra [233 Ala. 335, 171 So. 629], where this court said:

"Answers predicated on 'information' obtained from others would be purely hearsay, and not admissible as evidence; hence such information is not within the influence of the statute."

■ Interrogatory 3 was sufficiently answered. Ex parte Driver, supra.

■ The first sentence of interrogatory 8 is fully answered with the word "no." The second sentence is an adequate explanation to such a general question as "If not explain." Ex parte Driver, supra.

Interrogatory 9 presents the same problems dealt with in our discussion of interrogatory 2.

The foregoing is sufficient to indicate that it is the judgment of this court that the order of the trial court should not have been issued requiring defendant to answer interrogatories 2, 3, 8 and 9 more fully, and unless the circuit court vacates the order on being advised of this ruling, the peremptory writ of mandamus will be issued.

Writ awarded conditionally.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.